### 24484. STANLEY v. THE STATE.

FRANKUM, Justice. Robert E. Stanley was convicted of possessing obscene matter under an indictment framed under the provisions of *Code Ann.* § 26-6301. He appealed. Jurisdiction of the appeal is in this court by reason of two attacks by demurrer upon the constitutionality of the law under which the defendant was indicted and tried. The demurrer was overruled by the trial court and the appellant enumerates that judgment and other rulings of the court as error. We will deal with the enumerations of error in the order in which they are made.

1. Appellant made a motion to suppress evidence, to wit, the three rolls of motion picture film seized by the officers while conducting a search of the appellant's premises. It appeared that special agents of the intelligence division of the U. S. Internal Revenue Service and an investigator from the Solicitor General's Office of Fulton County, acting under authority of a Federal search warrant issued by the U. S. Commissioner authorizing the search of the defendant's dwelling for certain bookmaking records particularly described in the warrant, while conducting the search discovered three rolls of motion picture film in the bedroom of the defendant, placed said film in a projector, showed said pictures and observed that said films depicted nude men and women engaged in acts of sexual intercourse and sodomy. The investigator seized said films as being contraband obscene matter possessed by the defendant in violation of *Code Ann.* § 26-6301 and placed the defendant under arrest on that charge. The defendant moved to suppress the evidence on the ground that its seizure violated his constitutional rights in that it was seized under a warrant not specifically describing the thing to be seized, and before this court he relies principally upon the case of Mar-

cus v. Search Warrant, 367 U. S. 717 (81 SC 1708, 6 LE2d 1127). That case is clearly distinguishable from this case. The basis of the decision in that case was that the warrant under which the seizure of the lewd and pornographic material was had was not specific as to any property to be seized and was therefore a void warrant. Thus the search and seizure there was illegal ab initio. In this case it was specifically held by the trial court, in overruling the motion to suppress, that the warrant and the search thereunder were legal, and in so ruling the trial court committed no error. In Georgia "when the peace officer is in the process of effecting a lawful search," he may discover or seize "any stolen or embezzled property, any item, substance, object, thing or matter, the possession of which is unlawful, or any item, substance, object, thing or matter, other than the private papers of any person, which is tangible evidence of the commission of a crime against the laws of the State of Georgia." Ga. L. 1966, pp. 567, 568; Code Ann. § 27-303 (e). Such seizure as was had in this case has been expressly held not to be a violation of constitutional guarantees either State or Federal. Cash v. State, 222 Ga. 55, 58 (148 SE2d 420); Harris v. U. S., 331 U. S. 145 (67 SC 1098, 91 LE 1399); Palmer v. U. S., 203 F2d 66 (CCA, DC); Johnson v. U. S., 293 F2d 539 (CCA, DC); U. S. v. Eisner, 297 F2d 595 (CCA 6).

Even if it be said that the ruling made in the Marcus case is, in terms, broad enough to encompass the seizure of the lewd, lascivious and pornographic material involved in this case, it must be observed that the ruling made in that case was made with relation to and in the context of constitutional guarantees of freedom of the press and freedom of speech. Here no such question is involved. There is no merit in the appellant's contention in this regard and the trial court did no err in overruling the motion to suppress the evidence.

2. The indictment in this case which charged that the defendant on a specified date "did knowingly have possession of obscene matter," thereafter describing three rolls of motion picture film in detail and concluding with the allegation: "said accused having knowledge of the obscene nature of such motion picture film and matter; said motion picture films when considered as a whole and applying contemporary community standards that exist in this county, being obscene matter whose predominant appeal is to a shameful and morbid inter-

est in nudity and sex; and accused should reasonably have known of the obscene nature of said matter, said act of accused being contrary to the laws of said state, the good order, peace and dignity thereof," sufficiently charged the defendant with an offense under the provisions of *Code* § 26-6301, as amended by the Act approved March 13, 1963 (Ga. L. 1963, p. 78 et seq.). It is not essential to an indictment charging one with possession of obscene matter that it be alleged that such possession was "with intent to sell, expose or circulate the same."

3. The contention that the Act approved March 13, 1963, is unconstitutional, null and void on its face in that it was passed and enacted by the General Assembly of Georgia as an amendment to a Code section which had previously been declared to be unconstitutional (*Simpson v. State,* 218 Ga. 337 (127 SE2d 907) ) is without merit. Section 1 of the 1963 Act clearly states that "Code Chap. 26-63 . . . as amended, particularly by an Act approved March 17, 1956 (Ga. L. 1956, p. 801), is hereby amended. . ." The 1956 Act had in a similar fashion amended Chapter 26-63 by striking therefrom *Code* § 26-6301 and inserting in lieu thereof a new section to be numbered § 26-6301 and it was that section as re-enacted in 1956 which was held to be unconstitutional in *Simpson v. State,* supra. The fact that the 1963 Act particularized the portion of *Code Ch.* 26-63 to be amended and referred to § 26-6301 and further provided that the chapter should be amended by striking that Code section in its entirety (which was the effect of this court's ruling in the *Simpson* case) in no way vitiated the effect of the Act to amend *Code Ch.* 26-63.

4. Defendant contended in the 3rd ground of his general demurrer to the indictment that the law under which he was indicted is unconstitutional, null and void as in conflict with the first and 14th Amendments to the Constitution of the United States guaranteeing freedom of the press and due process of law in that it seeks to punish persons charged with the violation of the law if they reasonably should know of the obscene nature of such matter, it being contended that the requirement of reasonable knowledge would withdraw the element of scienter from the definition of the offense and would render a person guilty without actual knowledge of the obscene nature of the matter. This contention is without merit. As we construe the statute the language "if such person has

knowledge or reasonably should know of the obscene nature of such matter," merely amounts to a statutory expression of a rule of evidence which has been extant in this State over many years. Whether a person has knowledge of a fact is a matter peculiarly within the mind of such person, and it is rarely if ever that the defendant's guilty knowledge is susceptible of direct proof. For this reason this court has adhered to the principle that guilty knowledge may be shown by circumstances as well as by actual and direct proof. *Rivers v. State*, 118 Ga. 42 (2) (44 SE 859); *Birdsong v. State*, 120 Ga. 850, 852 (3) (48 SE 329). Therefore, if the evidence shows that the defendant knowingly possessed matter which is obscene and that he reasonably should have known of its obscene nature, and this latter fact is shown by circumstances relating to the way and manner in which he came into the possession of the matter or relating to the length of time he has had possession of it, coupled with a showing that such defendant is sufficiently informed as to the community standards as to be chargeable with knowledge of the obscene nature of the matter then he can be convicted even though it is impossible to produce direct proof of his actual knowledge of the obscene nature of the matter. The statute is therefore not unconstitutional for any of the reasons urged and the trial court did not err in overruling the general and special demurrers of the defendant which sought to raise this issue.

5. Appellant filed a plea in abatement in which he made the contention that, since the matter he was charged with possessing had not been declared to be obscene by a court of competent jurisdiction in accordance with the provision of the Act approved March 3, 1964 (Ga. L. 1964, pp. 161-165; *Code Ann. Ch.* 26-63A) as required by Section 2 of the Act approved April 1, 1965 (Ga. L. 1965, p. 489), he could not be prosecuted for merely possessing the films in question. This contention is without merit. The provisions of Section 2 of the Act of 1965 apply only to that Act, that is, to the provisions of Section 1 of the 1965 Act which added a new section to be known as *Code* § 26-6301.1 and those provisions do not apply to *Code Ann.* § 26-6301 under which the appellant was prosecuted. Furthermore the provisions of the 1965 Act apply only to pornographic literature, and the matter for the possession of which the defendant was prosecuted in this case was in no sense literature as that term is defined by recog-

nized authorities. See, for example, Webster's New World Dictionary of the American Language, p. 856.

6. The evidence authorized the verdict and no error of law appearing the judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1968—DECIDED APRIL 9, 1968—
REHEARING DENIED APRIL 22, 1968.

*Wesley R. Asinof,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Robert Sparks,* for appellee.