The GREAT SPECKLED BIRD OF the ATLANTA COOPERATIVE NEWS PROJECT; Thomas Coffin; James Sundberg; J. W. Stephenson Wise, Jr.; George Blau, Plaintiffs,

v.

Leroy STYNCHCOMBE, Sheriff of Fulton County; Lewis Slaton, Solicitor General of Fulton Superior Court; Herbert Jenkins, Chief of Police of Atlanta; Lamar Martin, Sheriff of DeKalb County; Richard Bell, Solicitor General of DeKalb Superior Court; and John Doe, Defendants.

Civ. A. No. 12231.

United States District Court
N. D. Georgia,
Atlanta Division.

April 16, 1969.

Albert M. Horn, Charles Morgan, Jr., Reber F. Boult, Jr., Atlanta, Ga., Melvin L. Wulf, New York City, for plaintiffs.

Lewis R. Slaton, Sol. Gen., A.J.C., J. Robert Sparks, A.J.C., Joel M. Feldman, Asst. Sols. Gen., A.J.C., Atlanta, Ga., for Slaton, Stynchcombe and Jenkins.

Hardaway Young, III, Asst. Sol. Gen., Stone Mt. Judicial Circuit, Decatur, Ga., for Bell and Martin.

Before MORGAN, Circuit Judge, and EDENFIELD and HENDERSON, District Judges.

PER CURIAM:

The plaintiffs in the above-styled case bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in an effort to have Georgia Code Section 26–6301 (Supp. 1967) declared unconstitutional. In connection therewith, a request is made to have issued a temporary restraining order forbidding enforcement of the above stated code section as to the plaintiffs.

The attack upon the constitutionality of 26 Ga.Code 6301 (Supp. 1967)[1] is

1. 26 Ga.Code 6301 (Supp.1967):
*Sale, etc., of obscene pictures, books, etc.*—Any person who shall knowingly bring or cause to be brought into this State for sale or exhibition, or who shall knowingly sell or offer to sell, or who shall knowingly lend or give away or offer to lend or give away, or who shall knowingly have possession of, or who shall knowingly exhibit or transmit to another, any obscene matter, or who

shall knowingly advertise for sale by any form of notice, printed, written, or verbal, any obscene matter, or who shall knowingly manufacture, draw, duplicate or print any obscene matter with intent to sell, expose or circulate the same, shall, if such person has knowledge or reasonably should know of the obscene nature of such matter, be guilty of a felony, and, upon conviction thereof, shall be punished by confinement in the penitentiary for not less

unwarranted. Plaintiffs construct their primary argument as to the constitutionality of said statute on the premise that as written the code section is an overly broad limitation on expression. In support of this contention, the Court is referred to numerous sources that generally buttress this position; however, none can circumvent the fact that the Georgia code section in question is developed in part verbatim from the American Law Institutes' Model Penal Code, § 207.10(2) (Tent. Draft No. 6, 1957). In Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, the United States Supreme Court expressly recognized that there is "no significant difference between the meaning of obscenity developed in the case law and the definition of the A.L.I., Model Penal Code, § 207.10(2) (Tent. Draft No. 6, 1957)."[2] In the same footnote, the Court approvingly quotes the above section of the Model Penal Code, to wit:

" * * * A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest, i. e., a shameful or morbid interest in nudity, sex, or excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters. * * * "

As is observed from a reading of 26 Ga. Code 6301, the major deviation from the above-stated provision of the Model Penal Code concerns the language: " * * * and if it goes substantially beyond customary limits of candor in description or representation of such matters. * * * "

No such proviso is contained verbatim in the Georgia statute. However, the case law as developed by the United States Supreme Court has tacitly added this element of "patent offensiveness" to the code section. Manual Enterprises, Inc. v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639. In light of the existence of no language to the contrary, the proper construction demanded of 26 Ga.Code 6301 is "whether the average man"[3] would have his prurient interests aroused by questioned material. This element,[4] as well as others formulated in later cases[5] elaborating on Roth, supra, are grafted to the Georgia law by virtue of the supremacy of the Constitution of the United States and the binding effect of decisions of the Supreme Court of the United States in interpreting that Constitution.

The issue of scienter presents a different problem in that there is language in 26 Ga.Code 6301 which, on first examination, appears to establish a "reasonable man" standard as to the character of questioned material, viz: whether a person "reasonably should know of the obscene nature of such matter".[6] The teachings of Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) prohibit the state from convicting on obscenity charges the seller who has no knowledge of the contents of the book he is selling. However, the Supreme Court also observed in Smith, supra, that: "The circumstances may warrant the inference that he [i. e. the seller] was aware of what a book contained, despite his denial".[7] (brackets

---

than one year nor more than five years: Provided, however, in the event the jury so recommends, such person may be punished as for a misdemeanor. As used herein, a matter is obscene if, considered as a whole, applying contemporary community standards, its predominant appeal is to prurient interest, i. e., a shameful or morbid interest in nudity, sex or excretion.

2. Roth v. United States, 354 U.S. 476, footnote 20 at page 487, 77 S.Ct. 1304, at page 1310.

3. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304.

4. Manual Enterprises, Inc. v. Day, 370 U.S. 478, 82 S.Ct. 1432.

5. A Book Named "John Cleland's Memoirs of a Woman of Pleasure" et al. v. Attorney General of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1; Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793.

6. Georgia Code Annotated 26–6301.

7. Smith v. California, 361 U.S. 147, at 154, 80 S.Ct. 215, at 219.

added). In the case of Stanley v. State, 224 Ga. 259, 161 S.E.2d 309 (1968), (later reversed by the U. S. Supreme Court on other grounds, Stanley v. State of Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 [April 7, 1969]) the Georgia Supreme Court interpreted the above-quoted language of the statute in such a manner as to be compatible with the standard developed by *Smith*, supra. In formulating its opinion in *Stanley*, supra, the Georgia Court construed "if such person has knowledge or reasonably should know of the obscene nature of such matter"[8] merely to amount to "a statutory expression of a rule of evidence * * *. Whether a person has knowledge of a fact is a matter peculiarly within the mind of such person, and it is rarely if ever that the defendant's guilty knowledge is susceptible of direct proof. For this reason this court has adhered to the principle that guilty knowledge may be shown by circumstances as well as by actual and direct proof." (Citations omitted).

We concluded that the language of 26 Ga.Code 6301, as elucidated by the Georgia Supreme Court, complies with the scienter mandate developed in Smith v. California, supra.

In arriving at the above determinations, this Court is cognizant of the recent United States Supreme Court decision in Stanley v. State of Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 [April 7, 1969]. That case addressed itself to the problem of " 'mere [knowing] possession of obscene matter' ", and concluded "that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime", i. e., "possession by the individual in the privacy of his own home". The case at bar requires consideration of portions of the statute not discussed in *Stanley*, supra.

In consideration of the facts of the case *sub judice*, we are of the opinion that THE GREAT SPECKLED BIRD is not obscene as that term has been defined in *Roth* supra, and its progeny,[9] and is constitutionally protected by the First and Fourteenth Amendments to the United States Constitution. The Court, after a thorough examination of all published issues of the BIRD, is unable to discover any single article or issue that would fall within the United States Supreme Court's determination of obscenity. In reaching this conclusion, we do not address ourselves to the question of the proper unit to be considered in ruling on the alleged obscenity of a newspaper, i. e., a single article as opposed to a whole issue of the newspaper. A decision as to this problem is not necessitated since under either possible outcome the BIRD is not obscene under the United States Supreme Court's definition.

### ORDER

It is hereby adjudged that Georgia Code Annotated 26–6301, in light of the appropriate deletions of *Stanley*, supra, is constitutional as being within the requirements of the First and Fourteenth Amendments to the United States Constitution, and that THE GREAT

---

8. Georgia Code Annotated 26–6301.

9. At present obscenity has been defined in *Roth*, 354 U.S. 476, 77 S.Ct. 1304, as whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest. In A Book Named "John Cleland's Memoirs of a Woman of Pleasure" et al. v. Attorney General of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, it was stated that under the *Roth*, supra, definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value.

SPECKLED BIRD is not obscene within preme Court. The constitutionality of the meaning of that term as it has been established by the United States Su-Georgia Code Annotated 26–6301 being affirmed, the question as to the requested injunction is moot.

It is so ordered.