**Roswell ENGSTROM, Plaintiff,**

**v.**

**James ROBINSON, individually and as Chief of Police of the City of Mobile, Joseph Romagnano, individually and as Lieutenant, City of Mobile Police Department, Fred Collins, individually and as City Attorney of the City of Mobile, T. Raymond Williams, individually and as City Prosecutor of the City of Mobile, Alabama, Defendants.**

**Civ. A. No. 5416–69.**

United States District Court,
S. D. Alabama, S. D.

Oct. 29, 1969.

Decree July 22, 1970.

E. Graham Gibbons, Gibbons & Stokes, Mobile, Ala., for plaintiff.

T. Raymond Williams, Mobile, Ala., for defendants.

## TEMPORARY RESTRAINING ORDER

PITTMAN, District Judge.

At preliminary hearings in this cause it has been acknowledged in open court that within the last year the defendants have seized quantities of books, magazines, and calendars without a prior judicial adversary hearing to determine the obscenity of the seized books, etc. It has been clearly established by the Supreme Court of the United States that such a seizure is constitutionally deficient. In A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809, the Court held that:

> " * * * since P-K was not afforded a hearing on the question of the obscenity * * * of the * * * novels before the warrant issued, the procedure was likewise constitutionally deficient.",

and, the Supreme Court of the United States had previously stated in Marcus v. Search Warrants, etc., 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127:

> " * * * Kingsley Books [Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469] does not support the proposition that the State may impose the extensive restraints imposed here on the distribution of these publications prior to an adversary proceeding on the issue of obscenity, irrespective of whether or not the material is legally obscene. * * * "

No great practical law enforcement problem is presented in connection with having books, magazines, calendars, etc. available at a prior adversary hearing without seizure since they may be easily acquired by purchase, gift, loan, etc.

This court has not reviewed the books, etc. since the question of their obscenity is not before this court.

The court has not considered the question of pandering to minors inasmuch as this proposition is not before the court.

In connection with the seizures, several criminal complaints were sworn out in the Recorders Court of the City of Mobile, Mobile County, State of Alabama, charging Roswell Engstrom with violation of the City of Mobile Obscenity Ordinance 36-022 (1966) as amended:

Recorder's Court Number

7-5913
4F-4223
4F-4224
9F-4272
9F-4273

Mr. Engstrom is the owner and operator of the bookstore where the books, etc. were seized.

The Mobile obscenity statute is attacked as being unconstitutional and this matter is before the court and has not been decided by the court.

It is therefore ordered, adjudged, and decreed that the defendants return all books, magazines, calendars, etc. heretofore seized in connection with the above numbered cases not on appeal to the Appellate Courts of the State of Alabama (by agreement between the parties because of administrative problems in such appeals), and,

It is ordered, adjudged, and decreed that the defendants are hereby restrained from further seizure of similar materials from the defendant before there has been a prior adversary proceeding to determine the obscenity vel non of the materials to be seized, and,

It is ordered, adjudged and decreed that the prosecution of the following cases:

| Recorder's Court Number | Circuit Court Number |
|---|---|
| 7-5913 | 16252 |
| 4F-4223 | 18933 |
| 4F-4224 | 18934 |
| 9F-4272 | |
| 9F-4273 | |

be, and are hereby, stayed save and except such cases as may have already been appealed to the Appellate Courts of the State of Alabama, until this court has established the constitutionality of the City of Mobile Ordinance 36–022 (1966) as amended.

## DECREE

This action for a declaratory judgment and injunction was brought by plaintiff to prevent the enforcement of City of Mobile Ordinance Number 36–022 (1966) [1] as amended. At a preliminary hearing on this cause it was found that within the year preceding the hearing, the defendants had seized a quantity of books, magazines, and calendars without the prior judicial adversary hearings required by A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). On the basis of this finding, on October 29, 1969, a temporary restraining order was issued which ordered the return of all material so seized; defendants were restrained from further seizures without a prior judicial adversary hearing; and, the prosecutions of plaintiff for violation of the ordinance were restrained pending this court's determination of the constitutionality of the ordinance.

The only questions remaining for decision are whether any of the grounds urged by plaintiff are sufficient for this court to strike down the ordinance.

## Section 2

Plaintiff contends that Section 2 of the ordinance is void for being unconstitutionally overbroad. Specifically, he alleges that the standards set out in the ordinance, for determining obscenity *vel non*, omit a constitutionally required criteria. The ordinance defines obscenity in Section 1(a) as that which is "lewd, lascivious, filthy and pornographic," and which an "average man, applying contemporary community standards," would find has a "dominant theme" which "appeals to prurient interest." Based upon this definition, Section 2 prohibits the sale of "obscene" matter.

This definition is taken directly from Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). There is apparently no question as to the validity of these standards, as far as they go. Plaintiff, however, contends that A Book Named "John Cleland's Memoirs of a Woman of Pleasure" [Fanny Hill] v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966) has amended the constitutional test for obscenity to include a third prerequisite— that the material be utterly without redeeming social value.

The defendant contends that the "utterly - without - redeeming - social-value" test is merely a "particular" of the *Roth* standard. That is, it is a guide to applying the obscenity test, not a part of it. This contention, however, is not borne out by the treatment given this third element since *Memoirs*. It is obvious that a majority of the Supreme Court would find that a definition of obscenity must include this third factor. See Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).

1. *Section 1.* The following words, terms, phrases used in this ordinance shall, for the purpose of this ordinance, have the meaning respectively ascribed to them in this Section.
(a) Obscene—means lewd, lascivious, filthy and pornographic and that to the average person, applying contemporary community standards, its dominant theme taken as a whole appeals to prurient interest.
*Section 2.* Every person who prepares, sells, exhibits or commercially distributes or gives away or offers to give away or has in his possession with intent to sell or commercially distribute or to give away or offer to give away, any obscene, printed or written matter or material, shall be guilty of an offense against the City of Mobile and shall be punished as hereinafter provided.
*Section 3.* Every person who has in his possession any obscene printed or written matter or material shall be guilty of an offense against the City of Mobile and upon conviction shall be punished as hereinafter provided.

The Supreme Court has also said, however:

"The cardinal principle of statutory construction is to save and not to destroy. We have repeatedly held that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the act. Even to avoid a serious doubt the rule is the same. [Citations omitted]" National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 30, 57 S.Ct. 615 621, 81 L.Ed. 893, 907–908 (1937).

The question, then, is whether the ordinance may be construed as containing this element. The question has not been answered by the Supreme Court. There are several lower court decisions on point, however—only one of which supports plaintiff's position. In Stein v. Batchelor, 300 F.Supp. 602 (N.D.Tex.1969), prob. juris. noted, 396 U.S. 954, 90 S.Ct. 428, 24 L.Ed.2d 419 (1969), argued sub nom., Dyson v. Stein, 38 U.S.L.W. 3443 (U.S. April 30, 1970), a Texas statute was struck down on precisely the grounds urged by the plaintiff here.

■ In several other cases, however, the results have been contrary. In Entertainment Ventures, Inc. v. Brewer, 306 F.Supp. 802 (M.D.Ala.1969), a three judge panel, of which the undersigned was a member, upheld the validity of an Alabama statute and a Birmingham ordinance which contained the alleged defect as charged in the Mobile ordinance. Saying that the Alabama Supreme Court would adopt any reasonable interpretation to avoid declaring a statute void, the court in *Entertainment Ventures* quoted with approval the language in Great Speckled Bird, etc. v. Stynchcombe, 298 F.Supp. 1291 (N.D.Ga.1969), which held the redeeming-social-value test was "grafted to the Georgia law by virtue of the supremacy of the Constitution of the United States and the binding effect of decisions of the Supreme Court of

the United States in interpreting that Constitution." *Id.* at 1292. This is a just result and it is the opinion of this court that though material may not be prohibited unless it is utterly without redeeming social value, this criteria, if not set out in the ordinance, may be inferred by the courts. Accord, Delta Book Distributors, Inc. v. Cronvich, 304 F.Supp. 662 (E.D.La.1969); Cambist Films, Inc. v. Tribell, 293 F.Supp. 407 (E.D.Ky. 1968). Following the rule of saving and not destroying, it is especially persuasive where the ordinance, as in this case, used a court approved definition when it was enacted.

■ Plaintiff also attacks Section 2 of the ordinance because it fails to include words such as "willfully" or "with knowledge of its contents." He objects that the omission of scienter as an element of the crime of selling obscene matter leaves the prohibition unconstitutionally broad. This question has been discussed directly by the Supreme Court. In Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), a Los Angeles ordinance was voided because it failed to require scienter. The rationale adopted in *Smith* was that by omitting *mens rea,* the ordinance imposed absolute liability on the bookseller caught with obscene material. Even though such material is not constitutionally protected, it was thought that such absolute liability would have a chilling effect on the distribution of material which is protected. That is, absolute criminal liability would make the distributor too careful; he would forgo handling non-obscene matter. Thus, censorship of protected communications would be affected, albeit indirectly.

*Smith* is distinguishable from the instant case in one regard. In *Smith* the California courts had interpreted the statute to mean just what it said—no *mens rea* was required. In the instant case, no appellate court decision can be found implying or refusing to imply this element into this ordinance. The ques-

tion then is whether this court may imply this element into the ordinance as it did the "redeeming social value" standard. It can.

In Mishkin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966), the Supreme Court upheld the facial validity of a statute which provided for no element of scienter. The *Smith* rule was avoided because the state supreme court had interpreted the statute as requiring the "vital element of scienter." In view of the Alabama Supreme Court's willingness to imply scienter as an element in City of Talladega v. Fitzpatrick, 133 Ala. 613, 32 So. 252 (1902), the court feels obliged to view the ordinance as if it did require *mens rea*.

### Section 3

From the record before this court, it is not clear whether plaintiff has been charged with violation of the ordinance as a whole or just various sections of it. Since plaintiff has raised the issue of the constitutionality of Section 3, and since the provisions of the ordinance, are by its terms, severable, this court will decide the issues raised by Section 3.

■ This section, in light of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), cannot stand. In *Stanley* the Court held that "mere private possession of obscene matter cannot constitutionally be made a crime." By its provisions, Section 3 reaches "mere private possession." It is not subject to any reasonable construction which would limit its application to possession with intent to sell because Section 2 specifically proscribes that conduct. It is not reasonable to assume that two provisions were enacted to prohibit the same activity.

For the reasons expressed in the foregoing opinion, it is ordered, adjudged, and decreed by the court:

A. The temporary restraining order issued by this court on October 29, 1969, staying the prosecution of the following cases:

| Mobile Recorders Court Number | Circuit Court Number |
| --- | --- |
| 7–5913 | 16252 |
| 4F–4223 | 18933 |
| 4F–4224 | 18934 |
| 9F–4272 | |
| 9F–4273 | |

is dissolved insofar as these prosecutions arise under sections of City of Mobile Ordinance Number 36–022 (1966) as amended exclusive of Section 3.

B. The city officers, agents, and employees, and their successors, named as defendants are enjoined from proceeding with any presently pending prosecution or instituting and proceeding with any future prosecution under Section 3 of City of Mobile Ordinance Number 36–022 (1966) as amended.

C. That portion of the temporary restraining order of October 29, 1969, which ordered the return of all materials seized in the following cases:

| Mobile Recorders Court Number |
| --- |
| 7–5913 |
| 4F–4223 |
| 4F–4224 |
| 9F–4272 |
| 9F–4273 |

is NOT dissolved, that portion of the order is to be, and hereby is, made permanent.

D. That portion of the temporary restraining order of October 29, 1969, which restrained future seizures without prior judicial adversary proceedings is NOT dissolved, that portion of the order is to be, and hereby is, made permanent.