George GABLE, doing business as Book Sales Co., Plaintiff,

v.

Herbert T. JENKINS, Chief of Police of the City of Atlanta, Defendant.

Civ. A. No. 13001.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 24, 1969.

Judgment Affirmed April 20, 1970.
See 90 S.Ct. 1351.

Wesley R. Asinof, Charles E. Markeles, Atlanta, Ga., for plaintiff.

Henry L. Bowden, John E. Dougherty, Arthur K. Bolton, Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for defendant.

Before MORGAN, Circuit Judge, and HOOPER and SMITH, District Judges.

LEWIS R. MORGAN, Circuit Judge:

Plaintiff George Gable is engaged in the business of distributing printed material consisting of books, magazines and periodicals, and defendant Chief of Police Herbert T. Jenkins, whose duty it is to enforce the penal laws of the State, has caused plaintiff to be arrested and a number of his books seized for violating Code 26–2101 prohibiting the distribution of obscene material. Jurisdiction is properly invoked.

Plaintiff alleges that the Georgia statute, 26–2101, under which he is being prosecuted, violates the First and Fourteenth Amendments of the United States Constitution. We do not believe that the right involved herein is a public right; however, assuming *arguendo* that it is, the discussion below should suffice. Carter v. Gautier, 305 F.Supp. 1098 [M.D.Ga.1969]. The contentions are seriatim discussed in particular.

**1.**

Plaintiff's first point of contention is that Code 26–2101 [1] is violative

---

1. The Georgia general obscenity law, Ga. L.1968, p. 1249, 26 Ga.Code 2101, provides as follows:

CHAPTER 26–21. DISTRIBUTING OBSCENE MATERIALS.

26–2101. Distributing Obscene Materials

(a) A person commits the offense of distributing obscene materials when he sells, lends, rents, leases, gives, advertises, publishes, exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or who offers to do so, or who possesses such material with the intent so to do.

(b) Material is obscene if considered as a whole, applying community standards, its predominate appeal is to prurient interest, that is, a shameful or morbid interest

in nudity, sex or excretion, and utterly without redeeming social value and if, in addition, it goes substantially beyond customary limits of candor in describing or representing such matters. Undeveloped photographs, molds, printing plates and the like shall be deemed obscene notwithstanding that processing or other acts may be required to make the obscenity patent or to disseminate it.

(c) Material, not otherwise obscene, may be deemed obscene under this section if the distribution thereof, or the offer to do so, or the possession with the intent to do so is a commercial exploitation of erotica solely for the sake of their prurient appeal.

(d) A person convicted of distributing obscene material shall for the first of-

of the Constitution in that it is vague and facially overbroad. Vagueness of a criminal law rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. If the scope of the power given to officials under a statute is so broad that the exercise of constitutionally protected conduct depends upon the subjective views of those officials as to the propriety of the conduct, the statute is unconstitutional as a denial of due process. Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Gilstrap v. United States, 389 F. 2d 6 (5 Cir., 1968). The concept of overbreadth of criminal laws rests on principles of substantive due process which forbid the prohibition of certain individual freedoms, the principal issue not being reasonable notice or adequate standards, though such issues may be involved, but whether the language of the statute, given its normal meaning, is so broad that its sanctions may apply to conduct protected by the Constitution. Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840; Landry v. Daley, 280 F.Supp. 938 (D.C.Ill., 1968).

■ Applying these rules of law to the present statute leads this Court to the conclusion that the plaintiff's contention is void of merit. Georgia Code Section 26–2101 is a recent enactment of the Georgia Legislature [2] and does but two things—it prohibits the distribution of obscene materials and defines what is meant by the term "obscene materials". In defining this term, the statute carefully utilizes the definition of obscene materials as that term has been elucidated by the United States Supreme Court in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 and A Book Named John Cleland's Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1. The prior statute on this subject (Ga.Code 26–6301) was not nearly so well written nor did it contain the definition of obscenity as defined by

the Supreme Court, yet a three-judge court in this district recently upheld its constitutionality in Great Speckled Bird of Atlanta Cooperative News Project v. Stynchcombe, 298 F.Supp. 1291 (D.C., 1969). This new code section, 26–2101, is simply a more limited version of the former Georgia law, 26–6301, and has a stronger constitutional base than the former Georgia statute.

■ However, as to the overbreadth of the statute there is one phrase that plaintiff isolates as being defective. Section 26–2101 prohibits in subsection (a) the dissemination "to any person" of obscene material. The plaintiff argues the term "any person" is too broad. In support of this allegation, the United States Supreme Court case of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, is relied heavily upon. *Stanley*, supra, gives a comprehensive study of Freedom of Expression guaranteed by the Bill of Rights to the Constitution and the intrusion of obscenity into this almost unlimited freedom. Obscenity, it was stated in *Roth*, supra, is not within the protected pale of the First and Fourteenth Amendments. However, *Stanley* tempers this broad mandate by the allowance of the private possession of obscene materials. As Justice Marshall stated in his concluding paragraph in *Stanley:* "As we have said, the States retain broad power to regulate obscenity; that power simply does not extend to mere possession by the individual in the privacy of his own home". These words indicate a conscious desire on the part of that Court to keep *Stanley* limited to its facts and no statements in the body of the opinion could logically be construed to encompass the contention of plaintiff. Plaintiff divines several situations under which the working of 26–2101 might be overly broad, viz., a husband showing an obscene book to his wife, or consenting adults being prohibited from gathering in a private home to view an obscene film. However, as was stated in *Stanley*,

fense be punished as for a misdemeanor, and for any subsequent offense shall be punished by imprisonment for not less

than one nor more than five years, or by a fine not to exceed $5,000, or both.

2. July 1, 1969—effective date.

"No such dangers are present in this case".

Without an illogical extension of *Stanley,* the Supreme Court decisions allowing the regulations of obscenity would appear to demand a holding that Georgia Code 26–2101 is constitutional.

### 2.

■ Secondly, plaintiff alleges that 26–2101 is unconstitutional in that it does not provide for a prior judicial determination with an adversary proceeding before arrest. Plaintiff's contention that a prior adversary proceeding is constitutionally necessary before the seizure of obscene material is correct. As stated in Carter v. Gautier, 305 F.Supp. 1098 (M.D.Ga.1969): "Under the law as now established by the Supreme Court * * * it is illegal for officers to seize a movie film unless and until there has been held a prior adversary judicial hearing upon the question of obscenity. A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964)." See Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4 Cir., 1969). Moreover, we specially concur in the thoughts expressed in *Carter,* to-wit:

> "This, of course, does not mean that courts, either Federal or State, desire to protect obscenity. It does mean that the Supreme Court has decided that lest the non-obscene and the constitutionally protected be suppressed it is better that some judicial officer * * determine that the challenged matter is obscene before its seizure. Nor is it any reflection upon law enforcement officers who deserve our thanks and support in greater measure than sometimes received to suggest that a judicial officer trained in the process of weighing evidence and making deci-

sions is better equipped than they to pass upon the important and sometimes difficult question of obscenity."

■■ However, as to the necessity of the prior adversary hearing, this goes merely to the competency of the evidence in an obscenity prosecution and would not bar a prosecution based on other legally obtained evidence. Matter seized illegally, i. e., without a hearing, must be returned. In Marcus v. Search Warrant of Property, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961), the evil was that the hearing as to the obscene nature of the material was held after seizure; thereby, the Supreme Court concluded that the procedure employed was unconstitutional. There is proper procedure existing in the Georgia law that can achieve constitutional standards, i. e., a prior adversary judicial proceeding before the seizure of the allegedly obscene items.[3] Accordingly, Georgia Code 26–2101 is not unconstitutional in that it does not establish a prior judicial hearing within itself.

In the case, *sub judice,* the material was seized without a prior adversary hearing; and, therefore, the procedure is in conflict with the proper constitutional standard. However, the defendants have agreed to return questioned material and are under order of this Court to do so.

### ORDER

In accordance with the views expressed above, Georgia Code Annotated 26–2101 is held to be constitutional and within the purview of the First and Fourteenth Amendments to the United States Constitution. Plaintiff's requested injunctive relief is denied. Plaintiff's seized material is to be returned.

It is so ordered.

---

3. As examples, the following are presented: When a search warrant is applied for to seize the alleged obscene materials, the person possessing the same could be given notice of the intent to apply for the search warrant, and be given an opportunity to be present at such time, and present evidence in opposition to the is-suance of the search warrant. Or an order to show cause why the alleged obscene film is not obscene could be served on the possessor, or a petition to have the film declared contraband, and subject to destruction could be served on the possessor.