## 25913. CAMPBELL v. THE STATE.

ARGUED JULY 13, 1970—DECIDED NOVEMBER 5, 1970—
REHEARING DENIED NOVEMBER 18, 1970.

*Richard M. Nichols, James I. Wood,* for appellant.

*Jack J. Gautier, District Attorney, Whitney T. Evans, Jr.,* for appellee.

ALMAND, Chief Justice. William B. Campbell appeals his conviction on a charge of receiving and possessing stolen property. Information was received by the Macon police from a neighbor of Campbell's, one H. C. Walker, that some rifles were seen carried into Campbell's apartment, the morning after similar rifles were stolen from J. C. Penney's. The Macon police had earlier received a letter from the Columbus Police Department saying that Campbell was known to receive stolen property.

Walker also said that shortly before or after this episode he saw two men and a woman, who were acting secretively, carry about eleven typewriters into Campbell's apartment.

Based on this information, a search warrant was issued and Campbell's home was searched. Several articles were seized and he was arrested.

■ Appellant's contention that there was an insufficient showing of probable cause to justify the issuance of a search warrant is not meritorious.

(a) Appellant attacks the issuance of the search warrant, on the ground that it was not supported by a showing of probable cause. *Code Ann.* § 27-303 (Ga. L. 1966, pp. 567, 568) says that search warrants may be issued, "Upon the written complaint of any officer . . . under oath or affirmation which states facts sufficient to show probable cause. . ."

In light of this Code section, it is clear that the determination of whether or not there was a sufficient showing of probable cause to justify the issuance of a search warrant actually de-

pends on the resolution of two separate and distinct questions. The first is whether or not the facts as stated in the affidavit constitute a sufficient showing of probable cause. In making this determination, we are limited to the facts as stated in the affidavit, but we must take all of these facts as true. The second question is whether, in the light of all of the sworn evidence placed before the magistrate, he was justified in ordering the issuance of the warrant. In making this determination, we are not limited to the facts on the face of the affidavit, and we are free to make judgments on the veracity of any or all of the evidence.

In order to resolve the first question, therefore, we must take the statements contained in the affidavit as true, and see whether or not they amount to a showing of probable cause.

The affidavit gives the address of the premises to be searched, and states that it is occupied by the appellant and his mother. It describes with particularity some 17 rifles and pistols, in all cases giving the brand names and calibers of the weapons; and in some cases giving the serial numbers. It also lists, "100 assorted men's suits Town Craft label and other rifles, guns and clothing stolen from J. C. Penney Co." The affidavit goes on to give the date of the burglary, and states further that a white male was observed carrying 7 or 8 rifles into the appellant's residence on the day after the burglary. The affidavit states that the appellant is known to the Macon police as a person who will receive stolen goods, and that the rifles in question were taken in the burglary the night before.

*Code Ann.* § 27-303, supra, requires that the affidavit state facts sufficient to show probable cause that a crime was being committed. The affidavit here states that on the day after a robbery, goods matching the description of some of the goods stolen, were seen carried into the apartment of a man who was known by the local police to receive stolen goods. In our judgment, the affidavit adequately meets the first requirement.

The Code section further requires that the person or place to be searched and the things to be seized be described with particularity. The affidavit set out the names of the persons to be

searched, the address of the premises to be searched, and particularly described the things to be seized.

We thus determine that the affidavit met the constitutional challenge .posed by the appellant.

(b) We now turn to the question of whether or not the sworn evidence before the magistrate, considered in its totality, justified the issuance of the search warrant. The showing made in our case was superior to the one which was held sufficient in Rugendorf v. United States, 376 U. S. 528 (84 SC 825, 11 LE2d 887).

In our case, the information upon which the affidavit was based came from a named informant. In the *Rugendorf* case, the informant was unnamed. Both cases involve possession of stolen property and in both cases the police had knowledge that items similar to the ones seen in the defendant's possession had been recently stolen. In the *Rugendorf* case the police were informed by an unnamed informant that the defendant was in the habit of receiving stolen goods. In our case, similar information was contained in the letter from the Columbus, Ga., Police Department.

Furthermore, in our case, there was an independent investigation made to corroborate the informant. A police officer determined that the defendant Campbell did indeed live where the informant Walker said he lived. He also determined that Walker's apartment was in such a position that he could indeed have observed the activities which he said he did.

In United States v. Ventresca, 380 U. S. 102 (85 SC 741, 13 LE2d 684), it is stated that enough facts must be placed before the magistrate for him to exercise his own independent discretion, and not just echo that of the deposing officer. If this is found to be the case, then the appellate court should not overturn this exercise of discretion by a hypertechnical construction.

We thus hold that there was a sufficient showing of probable cause in this case to justify the issuance of a search warrant.

■ Appellant's second enumeration of error attacks the constitutionality of *Code Ann.* § 27-303 (e) (Ga. L. 1966, p. 567). That Code section provides in relevant part that while a peace

officer is engaged in a lawful search, he can seize anything (other than private papers) the possession of which is unlawful or which is tangible evidence of the commission of crime.

Appellant says that this Code section would allow an officer to seize tangible evidence of the commission of crime without any prior determination as to whether or not there was probable cause to believe that the articles seized were, in fact, tangible evidence of the commission of crime. Then, if it were subsequently shown that the articles seized were evidence of crime, the seizure would be justified.

Appellant is in no position to raise this argument, because the procedure which he says is allowed by the statute was clearly not applied to him. The officer seized the following articles: rings and other jewelry still in their display cases; eleven rifles, most of which had the price tag still attached; seven typewriters under a blanket in a hall closet; new household appliances (some still in the original boxes); and $2,700 rolled up in a sock hidden in a drawer. When all these articles are found in a home where a crippled man lives with his mother, with no visible means of support, the officer did have probable cause to believe that the articles seized were tangible evidence of the commission of crime.

Appellant concedes that the constitutionality of the statute under attack was upheld by this court in *Stanley v. State,* 224 Ga. 259 (161 SE2d 309). He attempts to distinguish the two situations by saying that in *Stanley* the officers had probable cause to believe that the articles seized were contraband. We have already held that the officers in this case had sufficient probable cause for a similar belief. Appellant's contention is therefore rejected, and *Stanley* controls here. *Stanley* was subsequently reversed by the United States Supreme Court, but on another ground. Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542).

■ Appellant contends that the seizure in this case was unconstitutional because the articles were: (1) not listed in the search warrant; (2) not fruits of the crime listed on the warrant; (3) not contraband; and (4) not known to be stolen property at the time of seizure.

We have already held that the seizure was authorized under *Code Ann.* § 27-303 (e) (Ga. L. 1966, p. 567), and that the *Stanley* case, holds that this statute is constitutional under State and Federal principles. This disposes of the first three objections raised above.

We do not believe that the law requires that the officer *know* the goods to be stolen property at the time they are seized. It is enough that he have probable cause to believe that this is the case. As outlined above, we believe that such probable cause existed.

■ The appellant next protests the introduction into evidence of the fact that shortly before the date of the search and seizure, he signed a form in which he applied for welfare, and swore that his total property amounted to less than $800.

Appellant says that the effect of this evidence is to accuse him of fraud and false swearing, crimes with which he was not charged; and that he was prejudiced thereby before the jury.

We do not agree. The State offered this evidence for the purpose of showing that the defendant had suddenly come into possession of a large sum of money, and a large amount of new property. Since the possession of money and property is directly relevant in a crime of this sort, the introduction of this evidence was permissible. *Walker v. State*, 127 Ga. 48 (56 SE 113, 8 LRA (NS) 1175, 119 ASR 314). ___

For the same reasons, it was not error to admit evidence concerning the appellant's possession of the $2,700.

The whole theory of the State's case is that appellant was telling the truth when he swore to the welfare form. Thus, appellant's contention is without merit.

Finally, appellant contends that the record does not show that he knew the goods were stolen. He cites *Bird v. State*, 72 Ga. App. 843 (35 SE2d 483) for the proposition that where one is found in possession of stolen goods recently after they are stolen, this fact alone does not authorize the jury to infer that the defendant knowingly received stolen goods unless he failed to explain that possession to their satisfaction.

The case cited is irrelevant because the jury here had more

than the mere fact of possession to rely on. Appellant first said that he was keeping the property for a man named Hollifield. When confronted with Hollifield's denial of this assertion, he then changed the story completely, and said that he was keeping it for a man named Slim Dorsch. Also, most of the property involved was hidden in the house, and many of the items still had the price tags on them and were in the original cartons.

The jury had much more than possession on which to base their finding that the appellant knew the goods to be stolen. Appellant's final contention is not meritorious.

*Judgment affirmed. All the Justices concur.*