**UNITED STATES of America, Plaintiff,**

v.

**George Joseph ORITO, Defendant.**

**No. 70–CR–20.**

United States District Court, E. D. Wisconsin.

Oct. 28, 1970.

Probable Jurisdiction Noted Oct. 12, 1971. See 92 S.Ct. 40.

Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow & Shellow, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Two motions to dismiss the indictment are now before the court. In both motions, the defendant contends that 18 U.S.C. § 1462 is unconstitutional. One motion is based on the absence of any provision in the statute requiring proof of scienter; the other is based on the defendant's contention that the statute is overbroad and violates the first and ninth amendments in imposing criminal sanctions for the interstate transportation of obscene material which may be designed for personal use.

The defendant was charged in a one-count indictment which alleges that he knowingly transported in interstate commerce, by means of a common carrier, certain "copies of obscene, lewd, lascivious, and filthy materials".

The court must decide whether Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243,

22 L.Ed.2d 542 (1969) and Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967) render § 1462 unconstitutional because such section proscribes all transportation of obscene materials without discriminating as to whether such materials are "pandered", exposed to children or imposed on unwilling adults.

The defendant urges that under *Stanley* the transportation and receipt of obscene matter for private use is constitutionally protected, and that only certain types of public distribution of obscene matter, as described in *Redrup*, may be subjected to governmental control. The United States, on the other hand, urges that *Stanley* did not purport to modify Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) and that, on its limited facts, *Stanley* permits an individual to possess obscene materials in his own home, but it does not grant one a protected right to transport or receive such materials.

In its per curiam opinion in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), the court observed that in none of the cases which were then before the court " * * * was there any suggestion of an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it." (p. 769, 87 S.Ct. p. 1415).

Two courts of appeal have decided cases which tend to support the government's position. In United States v. Melvin, 419 F.2d 136 (4th Cir. 1969), the court concluded that notwithstanding Stanley, "Congress has the power to forbid interstate transportation of obscenity." (p. 139). Also, in United States v. Fragus, 428 F.2d 1211 (5th Cir. 1970), the court rejected a proposed expansion of *Stanley*.

A three-judge court convened in the northern district of Georgia decided "to keep Stanley limited to its facts". Gable v. Jenkins, 309 F.Supp. 998, 1000 (N.D. Ga.1969). This case was summarily affirmed at 397 U.S. 592 (1970).

There are a number of cases in which the rationale of *Stanley* has been construed more broadly than the three decisions referred to immediately above. Thus, in Stein v. Batchelor, 300 F.Supp. 602 (N.D.Tex.1969), probable jurisdiction noted sub nom., Dyson v. Stein, 396 U.S. 954, 90 S.Ct. 428, 24 L.Ed.2d 419 (1969), restored to calendar for reargument, 399 U.S. 922, 90 S.Ct. 2230, 26 L. Ed.2d 788 (1970), a three-judge court asserted that it was "impossible, however, for this Court to ignore the broader implications of the opinion which appears to reject or significantly modify the proposition stated in Roth v. United States [354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498] * * *." The court went on to say (p. 606):

> "*Stanley* expressly holds that obscenity is protected in the context of mere private possession and in our opinion further suggests that obscenity is deprived of this protection only in the context of 'public actions taken or intended to be taken with respect to obscene matter'."

The court in *Stein* concluded that the Texas obscenity statute "as a whole is overbroad in that it fails to confine its application to a context of public or commercial dissemination." (p. 607).

Another court which considered the impact of *Stanley* is Karalexis v. Byrne, 306 F.Supp. 1363 (D.Mass.1969), probable jurisdiction noted, 397 U.S. 985, 90 S.Ct. 1123, 25 L.Ed.2d 394 (1970), restored to calendar for reargument 399 U.S. 922, 90 S.Ct. 2235, 26 L.Ed.2d 789 (1970). In that case, a three-judge district court reviewed an obscenity statute which prohibited importing, printing, distributing or possessing obscene matter. The court expressed its conclusion "that public distribution differed from private consumption" and that this distinction also applied to transportation. The court said, at p. 1366:

> " * * * We think it probable that *Roth* remains intact only with respect to public distribution in the full sense, and that restricted distribution, ade-

quately controlled, is no longer to be condemned."

Another recent decision in which the court dismissed counts charging the transportation of obscene material is United States v. Lethe, 312 F.Supp. 421 (E.D.Cal.1970). There the court pointed to the absence of any legitimate governmental interest to justify regulation. Said the court (p. 425):

"The Supreme Court has recognized the protection of children and the protection of an unwilling public from obtrusive invasions of privacy as proper governmental interests justifying obscenity laws. But neither of these can be used to justify prohibiting mailings to a requesting adult. There is no public display, and children are not involved. No valid governmental interest remains, and the conclusion is inescapable that the government cannot constitutionally bring such a prosecution."

Another case in which a three-judge district court determined the breadth of *Stanley* is United States v. Thirty-Seven (37) Photographs, 309 F.Supp. 36 (C.D. Calif.1970). The United States Supreme Court has recently accepted this case for review. See 400 U.S. 817, 91 S.Ct. 34, 27 L.Ed. 44. In *Thirty-Seven (37) Photographs*, the court invalidated 18 U.S.C. § 1305, stating (p. 37):

"It prohibits an adult from importing an obscene book or picture for private reading or viewing, an activity which is constitutionally protected. As stated in *Stanley*, the right to read necessarily protects the right to receive."

In *Lethe,* cited above, the court discussed the relationship of the right to possess and the right to receive in these terms (312 F.Supp. p. 424):

"If the government has no substantial interest in preventing a citizen from reading books and watching films in the privacy of his home, then clearly it can have no greater interest in preventing or prohibiting him from acquiring them."

In Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), the court noted that since married couples have the right to use contraceptive devices, such right would be meaningless if a state could lawfully block such persons from receiving contraceptive devices and instruction. By analogy, it follows that with the right to read obscene matters comes the right to transport or to receive such material when done in a fashion that does not pander it or impose it upon unwilling adults or upon minors.

Although this opinion has concerned itself primarily with *Stanley* and *Redrup* and the cases subsequent thereto which have attempted to apply those decisions, there are a number of other decisions which adopt an obtrusiveness approach. For example, as far back as the year 1948, in Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840 (1948), the court spoke of "gross and open indecency or obscenity". The pandering theory, adopted in Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966), would appear to be bottomed on the concept that brazen and public promotion of prurient material deprives it of its first amendment protection. In a dissenting opinion in *Ginzburg,* Justice Stewart spoke of (p. 498, Note 1, 86 S.Ct. p. 956):

" * * * an assault upon individual privacy by publication in a manner so blatant or obtrusive as to make it difficult or impossible for an unwilling individual to avoid exposure to it."

I am unable to accept the narrow interpretation of *Stanley* which the government would ascribe to it. I find more reasonable and impressive the analysis and interpretation adopted by the courts in Stein v. Batchelor, Karalexis v. Byrne, United States v. Lethe, and United States v. Thirty-Seven (37) Photographs. I find no meaningful distinction between the private possession which was held to be protected in *Stanley* and the non-public transportation which the statute at bar proscribes.

To prevent the pandering of obscene materials or its exposure to children or to unwilling adults, the government has a substantial and valid interest to bar the non-private transportation of such materials. However, the statute which is now before the court does not so delimit the government's prerogatives; on its face, it forbids the transportation of obscene materials. Thus, it applies to non-public transportation in the absence of a special governmental interest. The statute is thus overbroad, in violation of the first and ninth amendments, and is therefore unconstitutional.

In view of the court's conclusion as stated above, the question whether scienter is an essential element of the offense need not be determined by the court.

Now, therefore, it is ordered that the defendant's motion to dismiss the indictment on the ground that 18 U.S.C. § 1462 is unconstitutional for its violation of the first and ninth amendments of the United States Constitution be and hereby is granted.