## 48498. MOORE et al. v. THE STATE.

EVANS, Judge. The defendants were indicted for the unlawful possession of marijuana. Prior to arraignment they moved to suppress certain evidence, which motion was denied. The appeal is from that judgment.

This is another of the many, many cases involving motions to suppress evidence allegedly obtained by illegal search warrants in violation of the Fourth Amendment to the Constitution of the United States. The facts shown at the hearing are that the officer arrested a juvenile at a high school for possession of marijuana. The juvenile stated to him that she had received the marijuana from an individual known to her only as Terry, who lived at a

named address; that the juvenile had been on the premises and had personally seen a quantity of marijuana and had purchased marijuana. The juvenile informer had never given the officer information before, nor had he ever seen the informer before her arrest.

The affidavit recited that affiant received his information "from a confidential informer" without showing any reasons for the informer's reliability and specific knowledge as to how the informer obtained the information.

But the magistrate was sworn and submitted evidence at the hearing on motion to suppress as follows: The arresting officer testified to the magistrate at the probable cause hearing that he arrested the informant, a juvenile, who was in possession of marijuana, and who told the officer where and from whom she purchased the marijuana. Defendants then introduced evidence in rebuttal, in form of a transcript of a preliminary hearing in which the arresting officer swore he had given the magistrate only the information contained in the search warrant. *Held:*

Although the affidavit for search warrant did not contain sufficient facts to justify the issuance of same, the additional evidence submitted at the hearing, although contradicted, was sufficient to authorize its issuance.

In the past this court has been rather restrictive in its decisions on this question, holding that unless the affidavit for warrant itself contained sufficient facts for its issuance, the warrant was invalid. See *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513); *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698); *Currington v. State,* 129 Ga. App. 161 (199 SE2d 268). But in view of certain recent cases decided by the Supreme Court of Georgia, to wit: *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Johnston v. State,* 227 Ga. 387 (181 SE2d 42), this view was too narrow, and the warrant is valid if the affidavit has sufficient facts for its issuance, *or if the totality of the sworn evidence at the hearing before its issuance,* authorizes its issuance. Under this construction of the law, which we are bound to follow, there was sufficient evidence to authorize the issuance of the warrant in this case.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 11, 1973 — REHEARING DENIED NOVEMBER 7, 1973.

*Gale W. Mull,* for appellants.
*William H. Ison, District Attorney, J. W. Bradley,* for appellee.