49300. LUKE v. THE STATE.

PANNELL, Presiding Judge.

1. Considering the affidavit of the officer and his

further sworn testimony before the issuing magistrate, the evidence was sufficient under the rulings in *Campbell v. State,* 226 Ga. 883 (178 SE2d 257), *Johnston v. State,* 227 Ga. 387 (181 SE2d 42) and *Moore v. State,* 130 Ga. App. 184 (202 SE2d 555) to authorize the issuance of the search warrant. The lower court did not err in overruling the motion to suppress the evidence obtained in the search.

2. The evidence in the record shows that subject's automobile was stopped for speeding and a case was made for expired inspection sticker. One of the officers observed some green leafy material and what appeared to him to be marijuana seed in the back floorboard and seat of the car, which was in plain sight through the open door of the car. The officer instructed the subject as to his constitutional rights. Permission was given by defendant to search the trunk of the car; in fact defendant himself opened same. A small amount of marijuana was found in the trunk.

Under the rulings in *Connor v. State,* 130 Ga. App. 74 (202 SE2d 200); *Touchstone v. State,* 121 Ga. App. 602 (174 SE2d 450); *Ferguson v. State,* 218 Ga. 173 (8) (126 SE2d 798); and *Young v. State,* 113 Ga. App. 497 (148 SE2d 461), the evidence obtained was admissible and the judge did not err in overruling the motion to suppress.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED MAY 9, 1974 — DECIDED MAY 21, 1974 — REHEARING DENIED JUNE 14, 1974 —

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellant.

*William H. Ison,* District Attorney, *Clarence L. Leathers, Jr.,* for appellee.