## 50774. FRANKLIN v. THE STATE.

DEEN, Presiding Judge.

1. "Not only what is sworn in the affidavit for the [search] warrant but also the totality of the sworn circumstances before the magistrate may be considered in establishing probable cause." *Butler v. State,* 130 Ga. App. 469 (1) (203 SE2d 558). "The magistrate may consider oral testimony as well as the affidavit in issuing a search warrant." *Hawkins v. State,* 130 Ga. App. 426 (1) (203 SE2d 622). Code § 27-303 requires, for the issuance of a warrant, a written complaint sufficient to show probable cause, which means probable cause to show that a crime has been committed, and it must further state the person or place to be searched and the things to be seized with particularity; to this may be added sworn testimony, and all this evidence considered in its totality by the magistrate must be sufficient to justify the issuance of the warrant. *Campbell v. State,* 226 Ga. 883 (1 b) (178 SE2d 257).

2. The affidavit here met the standard required by *Campbell* but was deficient in not stating facts upon which the affiant based his conclusion that the informer from whom he had received information that the defendant possessed a quantity of marijuana and other drugs was in fact reliable and a person whose information should be acted upon. The affiant testified at the hearing on the motion to suppress (which, oddly enough, was held before the same judicial officer who had issued the warrant, on a waiver of disqualification): "A. I just told him, I had used them in the past and they were reliable, yes, sir. Q. You had used them in the past? A. Yes, sir. Q.

Did you tell him whether or not it had resulted in any cases being made? A. Yes, sir, Q. Did you tell him specifically what cases had been made? A. No, sir. Q. Did you tell him whether or not those cases were successfully made? A. Yes, sir. Q. Told him they were successful? A. Yes, sir." He further testified there had been a cross check with other informers, that the Macon Drug Squad had contacted their office with information that drug sales were being made, that they had conducted a surveillance of the house, and had seen a circle of people sitting all night, smoking and "passing something around." The oral testimony was sufficient to fill in the deficiencies of the affidavit, and the trial court properly overruled the motion to suppress the evidence seized in the search resulting from the issuance of the warrant.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED JUNE 30, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 18, 1975 —

*Byrd, Groover & Buford, Denmark Groover, Jr., Frank D. Farrar, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.