## 6825.   PATTERSON *v.* THE STATE.

1. The accusation, properly construed (the word "privately" having been used in connection with the alleged stealing), authorized the conviction of the accused under the provisions of section 176 of the Penal Code. See *Heard* v. *State,* 120 *Ga.* 848 (48 S. E. 311); *Jenkins* v. *State,* 13 *Ga. App.* 695 (79 S. E. 861).

2. The admission of the testimony of one witness, as to statements made by another witness before the trial, if error, under the particular facts of this case, does not demand a new trial, in view of the fact that afterwards a third witness was permitted, without objection on the part of the accused, to testify substantially to the same effect.

3. The corpus delicti of a larceny may be proved by circumstantial evidence. *Ray* v. *State,* 4 *Ga. App.* 67 (2), 70 (60 S. E. 816); *Buckine* v. *State,* 121 *Ga.* 337 (49 S. E. 257); *Clay* v. *State,* 122 *Ga.* 136 (2), 137 (50 S. E. 56).

DECIDED NOVEMBER 4, 1915.

Accusation of larceny; from city court of Houston county—Judge Riley. June 12, 1915.

*Jule Felton,* for plaintiff in error.

*R. E. Brown,* solicitor, contra.

BROYLES, J. The main contention of the accused is that the corpus delicti was not established. There was undisputed proof of a larceny from the prosecutor's house of about sixteen bushels of peas, contained in six or eight brown croker-sacks, one white osnaburg sack, a barrel and a box, and that all of these containers, except the box, were stolen along with the peas, during the latter part of March or the first of April, 1913. There was evidence that the accused was, at some time about the latter part of March or the first of April, 1913, seen in possession of a quantity of peas, contained in six or eight brown croker-sacks, one white osnaburg sack and a barrel, all loaded in a wagon which he was driving. He

was endeavoring, before sunrise, to sell these peas at fifty cents per bushel, when the market value thereof was $2 per bushel. The defendant, in his statement at the trial, failed to give any explanation whatever as to the peas, which the testimony for the State showed he had in his possession, and which he was trying to sell at the low price of fifty cents per bushel, but simply denied that he knew anything about the peas. There was also uncontradicted evidence that after the defendant had been bound over for stealing these peas, he voluntarily stated to the prosecutor that he wanted to settle the matter with him, and agreed to pay him (the prosecutor) $50 to settle it. There was also testimony that the accused stated on his commitment trial that he had not had any peas, and had not tried to sell any peas, at any time during the year 1913. All of this evidence, taken together, authorized the trial court, sitting both as judge and jury, to find that the defendant's guilt was shown to the exclusion of every other *reasonable* hypothesis. As was said in *Buckine* v. *State,* supra (a case in which the defendant had been convicted of larceny on circumstantial evidence), "upon its facts the case is exceedingly close, but it is for the jury, and not the Supreme Court, to settle close questions of fact."

The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*