HANCOCK *v.* THE STATE.

No. 14588.   JULY 8, 1943.

354

*W. L. Denton* and *C. B. McGarity,* for plaintiff in error.

*T. Grady Head*, attorney-general, *Hal C. Hutchens*, solicitor-general, *W. A. Foster Jr.*, *R. U. Harden*, assistant attorney-general, contra.

BELL, Presiding Justice. (After stating the foregoing facts.)
■ The first special ground of the motion for new trial alleged that the State failed to prove by sufficient evidence that the crime of which the defendant was convicted was committed in Paulding County, in that "the only evidence offered by the State on this question was that of Floyd Ward. . . This witness, after testifying to a number of transactions which happened at a number of places, testified as follows: 'This happened in Paulding County.' Defendant insists that this evidence is not sufficient to show that the deceased, Hoke Mosley, was killed in Paulding County." As shown in the record, Floyd Ward, after reciting what had happened on the night in question, stated, "This happened in Paulding County." The statement quoted was made at the end of the direct examination of this witness, and reasonably applied to all the events as to which he had testified, as if he had said, "all of this happened in Paulding County." There was nothing in his testimony to indicate otherwise; and we think the statement could be taken to mean that Hoke Mosley was struck in the face by Hancock with a bottle, at the same location where Shepard was struck and fell out of the car, and where both Shepard and Mosley were later found in the road, each in helpless condition, and the latter mortally wounded.

Furthermore, as also appears in the record, Clarence Shepard testified: "The next thing that happened, I got hit on the head and don't know what else happened. I was knocked unconscious. . . Where I was at the time I was hit was in Paulding County, Georgia." Venue, like any other fact, may be shown by circumstantial as well as direct evidence. We think the testimony of these two witnesses and the circumstances sufficiently proved that the wounds from which Mosley died were inflicted in Paulding County. See *Lee* v. *State*, 176 *Ga.* 215 (2) (167 S. E. 507); *Berry* v. *State*, 185 *Ga.* 334 (195 S. E. 172); *Dickerson* v. *State*, 186 *Ga.* 557 (2) (199 S. E. 142); *Martin* v. *State*, 193 *Ga.* 824 (4) (20 S. E. 2d, 266). The case differs on its facts from *Futch* v. *State*, 90 *Ga.* 472 (16 S. E. 102), *Green* v. *State*, 110 *Ga.* 270 (34 S. E. 563), and *Jones* v. *State*, 113 *Ga.* 271 (38 S. E. 851), cited for the plaintiff in error.

356

■ The judge in his charge instructed the jury: "You will notice that I have charged you that before you would be authorized to convict the defendant, his guilt must be made to appear beyond a reasonable doubt. Those words have their ordinary and usual meaning, that is, the words 'reasonable doubt.' I may say that a reasonable doubt is an actual doubt that you are conscious of, after going over in your minds the entire case, giving consideration to all the evidence and every part of it, and the defendant's statement. If you then feel uncertain and not fully convinced that the defendant is guilty, and believe that you are acting in a reasonable manner, and if you believe that a reasonable man, in any matter of like importance, would hesitate to act because of such doubt as you are conscious of having, that is a reasonable doubt, of which the defendant is entitled to have the benefit." In special ground 2 the movant "insists that when the court used and gave in charge to the jury: 'I may say that a reasonable doubt is an actual doubt that you are conscious of,' erred, because an actual doubt is not a reasonable doubt, but is greater and stronger than a reasonable doubt. The word 'actual' means, certain, true, authentic, unquestionable doubt." It is thus seen that the only criticism of the charge is that the court used the word "actual." We have been unable to find any decision by the courts of this State upon the exact question, but this court has held that an instruction that a reasonable doubt is one for which a reason can be given is not error. *Vann* v. *State,* 83 *Ga.* 44 (4) (9 S. E. 945); *Jordan* v. *State,* 130 *Ga.* 406 (60 S. E. 1063); *Hudson* v. *State,* 153 *Ga.* 695 (12), 707 (113 S. E. 519). It would seem that any doubt for which a reason could be given would be an actual doubt. In *Dumas* v. *State,* 63 *Ga.* 600 (8), it was held that there was no error in charging, "if after an honest and impartial examination your minds are wavering, unsettled, unsatisfied, that is the doubt of the law, and you should acquit; if that doubt does not exist, you should convict." A doubt could not exist without being actual. It is stated in 20 Am. Jur. 1109, § 1257, that "All the authorities agree that to constitute a reasonable doubt there must be actual and substantial doubt of the defendant's guilt arising from the evidence, or from a want of evidence, as contradistinguished from a mere vague apprehension." In 23 C. J. S. 845, § 1274, it is stated: "As a general rule a charge is correct which describes a

reasonable doubt as an actual, honest, and, substantial misgiving or doubt of guilt reasonably arising from the evidence or want of evidence, as opposed to a mere captious, possible, or ill-founded doubt." See also Holt v. U. S., 218 U. S. 245 (31 Sup. Ct. 2, 54 L. ed. 1021, 20 Ann. Cas. 1138); Hiller v. State, 116 Neb. 582 (218 N. W. 386, 58 A. L. R. 1322). The charge was not erroneous as contended.

■ Counsel for the plaintiff in error argues that "The evidence for the State did not show any motive, cause, or malice for the killing," and "that killings just do not happen this way." In *Davis v. State,* 74 *Ga.* 869 (4), this court approved the following charge: "You may inquire whether there was any motive on the part of the defendant to induce him to take the life of the deceased; and if there was any motive, what that motive was. If you find there was no motive on his part to commit the act, you may consider it, especially if the evidence leaves the defendant's guilt at all doubtful, in deciding whether the defendant is guilty or not. Yet, if the evidence shows the commission of the crime, and you are satisfied, beyond a reasonable doubt, that the defendant committed it with malice aforethought, either expressed or implied, and if the circumstances are consistent with his guilt, and inconsistent with any other reasonable hypothesis than that of his guilt, then, though the evidence may not disclose a motive, you would be authorized to find the defendant guilty." See also *Barnett v. State,* 136 *Ga.* 65 (2) (70 S. E. 868); *Hunter v. State,* 188 *Ga.* 215, 218 (3 S. E. 2d, 729); *Anderson v. State,* 196 *Ga.* 468. Under the principle ruled in the *Davis* case, the failure of the evidence to show any motive for the homicide did not render the defendant's conviction unlawful. However, the evidence in this case would have authorized the jury to find that there was a motive for the killing, in that the defendant became angry when he was not permitted to drive the automobile.

While the testimony of the defendant's daughter and the defendant's statement tended to show mitigation, several witnesses testified to the contrary. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*