23401. CASH v. THE STATE.

SUBMITTED MARCH 15, 1966—DECIDED APRIL 7, 1966.

*Wendell C. Lindsey,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Robert Sparks, Amber W. Anderson, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.

MOBLEY, Justice. John Virgil Cash, the appellant, was indicted, tried, and convicted with recommendation of mercy, of robbery by use of an offensive weapon and sentenced to life imprisonment.

On appeal to this court he enumerates as error: (1) the giving of an erroneous charge on reasonable doubt; and (2) admitting a pistol in evidence.

■ The charge complained of is as follows: "If after considering all of the facts and circumstances and evidence in the case, your minds are wavering and unsettled, that is the doubt of the law, and if that should exist, you should acquit the defendant. Nevertheless [sic], Gentlemen, if that doubt does not exist as to the guilt of the defendant, you should convict the defendant in this case." Appellant contends that the charge is erroneous because it imposes upon the accused a greater burden than the law warrants, since a reasonable doubt conscientiously entertained by one or more jurors (less than twelve) should at least entitle defendant to a mistrial. The appellant recognizes that the charge complained of has been approved by this court in *Dumas v. State,* 63 Ga. 600 (8), and by the Court of Appeals in *Barnes v. State,* 71 Ga. App. 9 (29 SE2d 919). He requests that this court review those decisions and overrule them. A similar but not identical charge was approved in *Sheffield v.*

*State,* 188 Ga. 1 (1) (2 SE2d 657) citing *Dumas v. State,* supra. And in *Hancock v. State,* 196 Ga. 351, 356 (26 SE2d 760) this charge in substance was approved, but the complaint made against it was not the same as was made in *Dumas v. State,* supra, and in this case.

Prior to the charge complained of, the court charged fully the law on reasonable doubt in charging "that defendant enters upon the trial with the presumption of innocence in his favor, which remains with him throughout the trial, and until and unless, the State, by the introduction of evidence has satisfied *your minds* beyond a reasonable doubt as to his guilt . . ." (emphasis ours) that the State must ". . . prove the material allegations in the indictment to your satisfaction and beyond a reasonable doubt . . ." for the jury to convict; and then just prior to the excerpt complained of charged "Now Gentlemen, a reasonable doubt means exactly what it says, not a capricious or arbitrary doubt, nor a doubt which does not arise from a consideration of the evidence, but a doubt growing out of the evidence, or from a lack of the evidence, or from a conflict of the evidence."

The charge complained of is not as contended by appellant subject to the construction that it prevents a mistrial in case one or more of the jurors has a reasonable doubt of the guilt of the defendant. The court simply charged what is meant by a reasonable doubt in the minds of jurors, and charged further that if a reasonable doubt, as thus defined, did not exist in their minds as to his guilt then they should convict the defendant. We do not think any intelligent juror would be confused by this charge into thinking that he was prevented from voting for an acquittal if he had a reasonable doubt of the guilt of the defendant unless all of the other jurors also had a reasonable doubt of the defendant's guilt. This ground is without merit.

■ As to the admission of the pistol in evidence, the material evidence was as follows: F.B.I. agents in Los Angeles, California went to a specified address in that city to arrest a woman, Darlene Lewis, alias Mary Morris, on a charge of transporting a stolen automobile across a State line (Dyer Act). They were acting on information from the F.B.I. that a warrant had been

issued in Birmingham, Alabama, for her arrest. They entered the house where she was found and placed her under arrest without incident. The permanent resident of the house began making motions with her head toward a rear bedroom in the residence. The two F.B.I. agents went to the bedroom, opened the door to a closet in the room, and found a man standing therein. He was ordered out of the closet. He gave the officers his name, John Virgil Cash. They did not place him under arrest, but called Los Angeles Police, who came out and placed him under arrest on suspicion of robbery. Incident to the arrest of Darlene Lewis, the agents searched the house, and found the pistol in question lying on top of a three-foot-high box in the closet where defendant was found. It was fully loaded. On the trial of the defendant, the pistol was, over objection, introduced in evidence as being one similar in appearance to that which was used in the robbery for which Cash was on trial. Cash was identified as the perpetrator of the robbery and the pistol as being similar in appearance to the one used by Cash in committing the robbery.

The appellant's contention is that the pistol was obtained by an illegal search and seizure and was for that reason inadmissible. The Supreme Court of the United States in Mapp v. Ohio, 367 U. S. 643 (81 SC 1648, 6 LE2d 1081) held that evidence obtained as a result of an illegal search and seizure is not admissible in either State or Federal courts. See also Fahy v. Connecticut, 375 U. S. 85 (84 SC 229, 11 LE2d 171). This court is of course bound by that ruling. See also *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169); *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574). Thus, the question is whether this pistol was seized in an unlawful search of the premises where Darlene Lewis was found and arrested. Her arrest was legal, as the agents were acting on reliable information that a warrant had been issued for her arrest, and on the trial it was proved that, in fact, such warrant had issued. Bartlett v. United States, 232 F2d 135, 138 (1).

The Supreme Court of the United States in Harris v. United States, 331 U. S. 145, 150 (67 SC 1098, 91 LE 1399) has pointed out that ". . . it is only unreasonable searches and seizures which come within the constitutional interdict . . ." that "The

test of reasonableness cannot be stated in rigid and absolute terms . . ." and that " 'Each case is to be decided on its own facts and circumstances.' Go-Bart Importing Company v. United States, 282 U. S. 344, 357 (1931) . . ." and further that "The Fourth Amendment has never been held to require that every valid search and seizure be effected under authority of a search warrant. Search and seizure incident to lawful arrest is a practice of ancient origin [citing authority] and has long been an integral part of the law enforcement procedures of the United States and of the individual States." The search may extend beyond the person arrested to the place where he is arrested in order to find and seize things connected with the crime, as its fruits, or as means by which it was committed, as well as weapons and other things to effect escape from custody; and, a dwelling place where arrest is made may be subjected to search going beyond the room where the arrest was made. Agnello v. United States, 269 U. S. 20 (46 SC 4, 70 LE 145). See also Bartlett v. United States, 232 F2d 135, supra, Division (2).

The F.B.I. agent testified that after placing Darlene Lewis under arrest and about five minutes after Cash was discovered, he and his fellow agent made a search of the apartment for contraband, or weapons, and particularly, since the charge against her was violation of the Dyer Act, for forged title, keys to operate motor vehicles, and items such as this. This was clearly a reasonable search of the premises incidental to the arrest of Darlene Lewis, and was a lawful search of the premises.

The pistol found in the closet of one of the rooms was properly admitted in evidence against Cash even though it was not the property of Darlene Lewis and the search was made incidental to her arrest. In Harris v. United States, 331 U. S. 145, supra, upon warrants charging Harris with violation of the Mail Fraud Statute and the National Stolen Property Act, Federal agents arrested Harris in the living room of his four-room apartment. Without a search warrant they searched the apartment thoroughly trying to find evidence to support the charges. In doing so, they found a sealed envelope marked "personal papers" of the accused. The letter was torn open and found to contain several draft cards, which were the property of the United States, and

the possession of which was a Federal offense; the accused was convicted of a violation of the Selective Service Act. The court held that the evidence, even though obtained by agents searching for evidence in connection with another charge against the accused, was not obtained in violation of the provision of the Fourth Amendment against unreasonable searches and seizures. We think that rule would be applicable to this case and that the pistol procured in a lawful search for evidence of the commission of a Federal offense by Darlene Lewis, would be admissible in the trial of the case of armed robbery against Cash in the Fulton Superior Court of this State. We know of no reason why evidence procured by lawful search and seizure would be limited in its admissibility only as against the person whose lawful arrest made the search and seizure lawful. The court did not err in admitting the pistol in evidence over the objection that it was inadmissible because procured through an unlawful search and seizure.

*Judgment affirmed. All the Justices concur.*