42848. HUTTO v. THE STATE.

Submitted June 12, 1967—Decided June 30, 1967.

*M. O. Strickland,* for appellant.

*W. T. Whatley, Solicitor,* for appellee.

Bell, Presiding Judge. ■ The defendant objects to the refusal of the trial judge to grant his motion for mistrial because of improper remarks of the solicitor in argument before the jury. The transcript reveals that the judge admonished the jury to disregard the objectionable remarks and in considered detail directed them not to consider any comments of counsel on matters not in evidence. "The trial judge in passing on a motion for mistrial because of an alleged improper remark by the solicitor general in the presence of the jury is vested with a discretion, and his action will not be controlled by this court unless his discretion is manifestly abused. . . Assuming that the remark was an improper one, in view of the judge's instruction to the jury to give it no consideration, we cannot say that the judge's refusal to declare a mistrial was an abuse of his discretion." *James v. State,* 215 Ga. 213, 214 (4) (109 SE2d 735). Under the circumstances of this case, the corrective action taken by the trial judge formed a basis sufficient to support his discretionary judgment in denying the motion for mistrial. It is of no

substantial consequence that the judge did not specifically rebuke the solicitor in the presence of the jury as the court's statements and directions to the jury were tantamount to a rebuke and sufficient under the circumstances. *Trammell v. Atlanta Coach Co.*, 51 Ga. App. 705, 710 (5) (181 SE 315); *Newton v. Cohen-Walker-Bailie, Inc.*, 111 Ga. App. 753 (143 SE2d 14).

■ Enumeration 3 urges that: "The court erred in failing to quash the accusation upon motion of defendant on the grounds that the person making the affidavit upon which said accusation is based, P. H. Brown, did not of his personal and own knowledge know of the facts sworn to in the affidavit, which admission was made by said Brown during the trial of the case." Brown, a G. B. I. agent, on cross examination testified that he had signed the affidavit on which the accusation was based, that he "wasn't out there," that he knew "where the stuff came from," that there were "five other men out there." In *Herring v. State*, 119 Ga. 709, 717 (46 SE 876) it is stated that, "Oftentimes affiant's knowledge of matters stated in his affidavit must, of necessity, rest upon information derived from others; and where this is the case, it is generally sufficient if he aver that such matters are true to the best of his knowledge and belief. Belief is to be considered an absolute term, in this connection; hence to swear that one believes a thing to be true is equivalent to swearing that it is true, and perjury may be assigned on such affidavit." The law authorizes certain judicial officers to issue arrest warrants based on the officer's "own knowledge or the information of others given to him under oath." *Code* § 27-102. The form of affidavit for arrest as prescribed by the Code includes the words "to the best of his knowledge and belief." *Code Ann.* § 27-104.

The court did not err in denying the motion to quash the accusation.

■ Enumeration 4 urges error in the court's refusal to exclude and strike the testimony of the witness Brown regarding the liquor and slot machines on the ground that it was hearsay. It is unnecessary here to consider whether the testimony was hearsay, as other witnesses without objection (as well as the defendant in his unsworn statement), referred to the liquor and

slot machines as matters within their personal knowledge. Thus, even if the court erred in denying the motion to strike (which we do not decide), the error was harmless and does not require reversal. *Smith v. State,* 24 Ga. App. 654 (1) (101 SE 764); *Usher v. State,* 27 Ga. App. 776 (1) (110 SE 414); *Patterson v. State,* 17 Ga. App. 341 (2) (86 SE 782); *Long v. Dye,* 42 Ga. App. 726 (4) (157 SE 359).

■ Error is enumerated on the admission of evidence regarding slot machines since the search warrant did not contain specific authority to search for them. The transcript shows that the slot machines were found in the building described in the warrant. "When the peace officer is in the process of effecting a lawful search, nothing in this section shall be construed as precluding him from discovering or seizing . . . any item, substance, object, thing or matter the possession of which is unlawful, or any item, substance, object, thing or matter other than the private papers of any person which is tangible evidence of the commission of a crime against the laws of the State of Georgia." *Code Ann.* § 27-303 (e). The mere keeping of a device for the hazarding of money such as a slot machine constitutes a misdemeanor. *Miller v. State,* 94 Ga. App. 259 (2) (94 SE2d 120).

■ It is contended that the search warrant was improperly and illegally served on the defendant. The search warrant did not specifically name the defendant but described The Terrace Club. In executing the warrant, the officer, on entering the described premises, called for the defendant by name. The officer testified that at that time the defendant was in the building and behind the bar. The officer identified himself to the defendant, stated that he had a search warrant and intended to serve it, and handed the warrant to the defendant, who accepted it without protest. By this and other evidence, the State amply carried its burden of proving that the search and seizure were lawful. The transcript shows that the warrant was sufficient on its face, that there was probable cause for its issuance, and that it was legally executed. The defendant offered no testimony refuting the circumstantial evidence offered by the State that the illegal property was in the defendant's possession.

Neither did the defendant in his unsworn statement deny possession of the property. There is no merit in this ground.

■ It is urged that the court erred in admitting evidence obtained during the execution of the search warrant without the officer's first having informed the defendant of his right to have an attorney present and of his right to remain silent. The ground has no merit. An examination of the entire transcript discloses no interrogation of the defendant, no confession, and no incriminatory statement. Although we doubt that proper objections raising the issue were presented at the trial, it is unnecessary to decide that point, as under the facts of this case the principles enumerated in Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977) and Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and similar cases are not applicable.

■ There is no merit in enumerations numbered 1 and 7 as the evidence was sufficient to support the verdict.

*Judgment affirmed. Pannell and Joslin, JJ., concur.*