46173. BOSTWICK et al. v. THE STATE.

EBERHARDT, Judge. The police received complaints from merchants that described people riding in or using a described automobile having a certain license plate were passing altered or counterfeit money. A telephone call from a merchant near the Howard Johnson Motel indicated that the automobile was parked there and that many people were going in and out of the room in front of which it was parked. The police went out to the motel to check on the automobile, to observe the traffic in and out of the room, and to learn what they could about the people who might be connected with the car or the room. They found two automobiles parked near two rooms which, according to the manager of the motel, were registered to an individual of a description similar to that which the police had received in reports from informants. Also, a police informant who had been used for a long while, told the police that the people they were looking for were to be found at the motel.

As the police converged on the motel for making observations of the vehicles, the traffic in and out of the rooms, etc., Officer Norodeck went to the rear of the rooms where it was suspected

that the defendants were staying and shortly saw them break the window in the bathroom and leave through the exit thus made and proceed to a chain link fence, where one of them succeeded in going over onto the premises of a service station while he took the other in custody. Another officer apprehended the one who had crossed over the fence.

A search warrant was procured for the automobiles and the rooms, pursuant to which a search was made. No counterfeit money was found but a quantity of marijuana was located in the room from which the defendants had emerged.

A motion to suppress was timely made on the grounds that (a) the warrant was fatally defective in that the statement therein relative to information from an informant was not accompanied by any information calculated to show the reliability of the information or of the informant,[1] (b) that the entries on the warrant showed it to have been issued at 12:55 p.m. on July 17, 1970, and to have been executed at 12 noon on the same date, (c) that the search of the premises was illegal, and (d) that items wholly unrelated to any criminal activity were seized. The motion was overruled and, upon a trial a verdict of guilty was returned under an indictment charging the defendants with the possession of marijuana. Their motion for new trial was overruled and they now appeal, enumerating error upon the overruling of the motions to suppress and for new trial. *Held:*

---

[1] It was not urged in the motion to suppress, nor is it enumerated as error or argued on appeal that the warrant was defective in failing to state the time of the occurrence of the matters relied upon (the passing of altered or counterfeit money). See, in this connection, *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447); *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751); but see *Johnston v. State,* 227 Ga. 387, 390 (181 SE2d 42). Since the point was not raised before and passed upon by the trial court, it could not be raised on appeal; appellant is limited here to the grounds urged below. *House v. State,* 227 Ga. 257 (181 SE2d 31); *Mustang Transportation, Inc. v. W. W. Lowe & Sons,* 123 Ga. App. 350 (1a) (181 SE2d 85).

1. While the affidavit for procurement of the search warrant was not as detailed as it might have been in affording information showing reliability of the informant upon whose information the policeman was proceeding, we think it was nevertheless sufficient to serve the purpose here. It was asserted that he had received the information as to the acitvities and the whereabouts of the parties from one who, in the past, had supplied information leading to the arrest and conviction of persons who had committed crimes, as well as from parties in stores who complained that the parties sought had passed altered or counterfeit money to them. This, we believe, was sufficient to afford reasonable cause for seeking and obtaining the search warrant. *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473).

2. The entry on the warrant showing it to have been issued at 12:55 p.m. on July 17, 1970, was certainly in conflict with that showing the warrant to have been executed at 12 noon on the same date, but the court was authorized to find this to have been error either as to the time of issuance or as to the time of execution, and such a finding was implicit in the order overruling the motion to suppress. The positive testimony of the officers here was that the warrant was obtained *before* making the search, though after apprehension of the defendants. The testimony of the officers was in no way disputed save by the entry itself, and since the circumstances disclose that to have been a mere error, it is a "technical irregularity not affecting the substantial rights of the accused" and does not require suppression of the evidence seized. *Merritt v. State,* 121 Ga. App. 832 (2) (175 SE2d 890).

3. It is strongly urged that since the officers suspected the possession of counterfeit currency and counterfeiting equipment, and had no prior information as to any activity of the defendants relative to the possession, use, etc., of marijuana, and since the warrant was limited to a search for counterfeit money or equipment, the officers went beyond their authority when they seized the marijuana and additionally some other items which were in no way related to or connected with any criminal activity.

The warrant was issued to authorize a search for contraband—counterfeit money and equipment. While that was not found,

the officers did find, in the process of their search for the counterfeit, another contraband the seizure of which did not render the search illegal. *Stanley v. State*, 224 Ga. 259 (1) (161 SE2d 309), reversed on other grounds in Stanley v. Georgia, 394 U.S. 557 (89 SC 1243, 22 LE2d 542). This does not mean, of course, that an officer is free to take a warrant authorizing a search for some item of contraband and give it the effect of a general warrant. That is the very reason it is required that the officer present to the magistrate information at the time as to the nature of what he seeks to find in making the search and the magistrate, in turn, is required to find that evidence to be sufficient to authorize a finding of probable cause for the search has been presented. It is required, too, that the information be stated in the affidavit for the warrant. There must be a bona fide search for the item sought to be found, but if, in the course of an authorized search, another contraband is found on the party or premises searched, the officer is authorized to seize it, for the search, though not productive of that which was sought, was legal. Cf. *Cash v. State*, 222 Ga. 55, 58 (148 SE2d 420).

The motion to suppress was properly overruled as to the marijuana and items which reasonably might have been related thereto, such as the pipes for smoking, and cigarette papers. It should have been sustained as to other items, such as a package of certs, small sums of money, clothing items, toiletries, etc. However, as to these items, no harm is demonstrated as resulting from the overruling of the motion and the error in that respect is harmless.

4. The motion for new trial, on the general grounds and the one special ground as to the overruling of the motion to suppress, was properly overruled.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*
Submitted May 7, 1971—Decided June 22, 1971.

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry, R. Edgar Campbell*, for appellants.

*Robert W. Reynolds, District Attorney*, for appellee.