## 49239 ZIMMERMAN v. THE STATE.

BELL, Chief Judge.

Atlanta police officers obtained a search warrant authorizing the search of described premises, which were leased to the defendant, for the search and seizure of "illegal weapons and explosives, sawed off shotguns, fully automatic rifles and fragmentation grenades." One police officer, while searching in a warehouse or storage area located to the rear of the premises discovered three Olivetti typewriters covered with yellow plastic bags. The

typewriters were seized and taken to the front of the storage room for an identification check. No "Illegal weapons or explosives" were found. About 30 to 45 minutes after the entry, the defendant arrived and disclaimed knowledge of two of the typewriters but claimed that one of them was his. He later told the officers to "Take them all, you are more than welcome. Take them with you." Defendant was not arrested but the typewriters were taken to police headquarters. On the following day the police learned that the typewriters had been stolen from the Atlanta Board of Education. The defendant was then arrested.

The validity of the seizure must rest upon the provisions of Code Ann. § 27-303 (e) which provides in part: ". . . when the peace officer is in the process of effecting a lawful search, nothing in this section shall be construed as precluding him from discovering or seizing any stolen or embezzled property, any item, substance, object, thing or matter the possession of which is unlawful, or any item, substance, object, thing or matter other than the private papers of any person which is tangible evidence of the commission of a crime against the laws of the State of Georgia." In order to make a seizure under this provision of the law, the officer effecting it must have probable cause to believe that the articles seized were tangible evidence of the commission of crime. *Campbell v. State,* 226 Ga. 883, 888 (178 SE2d 257). The only evidence on the issue of probable cause were conclusions of two police officers that based upon their experience they *suspected* that the items were stolen. According to their testimony these suspicions were based on the fact that the typewriters were covered with the plastic bags. There were no board of education markings on the bags or on the typewriters. One of the officers testified that he knew defendant as a person in the nightclub or entertainment business in the Atlanta area. It is important to note that there was within the area searched cash registers, a TV set, a jukebox and a calculator. Yet none of these items were seized. Also within the warehouse area, where the typewriters were found to be covered with plastic bags, were other unidentified boxes and business records of a restaurant

formerly owned by defendant and at the time construction work of some nature was then in progress. Yet none of these items were seized. The evidence offered by the state falls short of carrying its burden of showing the essential probable cause for the seizure of the typewriters. It cannot be said to be an unusual circumstance for typewriters to be stored in a warehouse area in a business district of a city. It neither can be said to be unusual for them to be covered with plastic bags where construction work was in progress where they were stored. It is also worthy of note that the police did not immediately arrest the defendant but waited until the following day when they had confirmed their suspicions that the typewriters had been stolen. Rumor, suspicion, speculation or conjecture is not sufficient to show probable cause. *Kelley v. State,* 129 Ga. App. 131, 132 (198 SE2d 910). The police may not search and seize and then look for probable cause to justify their action. Probable cause must exist at the time of the search and seizure. The statement by that defendant that the police could take the typewriters does not operate as consent to the seizure for this occurred after the seizure. The trial court erred in denying the motion to suppress and in admitting the typewriters in evidence over objection.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 14, 1974.

*James M. Weaver,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, William M. Weller, Morris H. Rosenberg,* for appellee.