### 52898. HOGAN v. THE STATE.

CLARK, Judge.

"A man's home is his castle. The storm and wind may enter, but the King cannot enter, and all the forces of the Crown cannot cross the threshold of his ruined tenement." These words by Lord Eldon[1] served as the basis for that portion of the Fourth Amendment in the Bill of Rights declaring that the people shall be secure in their houses against unreasonable searches and seizures. Our state Constitution contains almost identical language as used in the federal document. See Code Ann. § 2-116.

These unfettered cerebrations come to mind in considering this case in which a police officer went into defendant's dwelling with a search warrant for a radio and came out with a rug, which proved to have been stolen but can not be considered as an implicating incriminating item.

This interlocutory appeal is from judgments entered after an evidentiary trial overruling two defense motions: (1) to suppress evidence; and (2) to quash the indictment.

---

[1]"A lawyer without history or literature is a mechanic, a mere working man; if he possesses some knowledge of these, he may venture to call himself an architect." Sir Walter Scott, Guy Mannering, Everyman's Library, (N. Y.: E. P. Dutton & Co., 1906), p. 259.

*Held:*

1. The Motion to Suppress Evidence: "Sergeant Jones [a Columbus detective] testified that on November 29, 1975, he had received information that the Appellant had stolen two turquoise rugs from the Floormaster Rug Company, and the informant thought the rugs were in the Appellant's home, but Sergeant Jones concluded there was not enough evidence to secure a search warrant for that particular property. (T-10)." (State's Brief, p. 3). Six days later Jones was told by the same informer that defendant had stolen and was in possession of a citizen's band radio. The affidavit on which the officer sought and obtained a search warrant for the seizure of a "CB radio" at defendant's place of residence made no mention of rugs but noted the accused "deals in stolen C. B. radios."

Two officers searched the premises pursuant to the warrant but found no radios. Jones observed in defendant's bedroom a turquoise rug with fringes on the border and decided that the rug did not "fit in" with the general decor of defendant's room. Suspecting that this might be one of the stolen rugs, Jones telephoned a Floormaster employee, and had him come to defendant's residence. Upon the employee's arrival he looked at the rug through a doorway from the side of the house and identified it as one of two purloined rugs. Jones seized the rug, but did not arrest defendant.

Such seizure of the rug by the police officer was unlawful. Code Ann. § 27-303 (e) provides, in part: "[W]hen the peace officer is in the process of effecting a lawful search, nothing in this section shall be construed as precluding him from discovering or seizing any stolen or embezzled property, any item, substance, object, thing or matter the possession of which is unlawful, or any item, substance, object, thing or matter other than the private papers of any person which is tangible evidence of the commission of a crime against the laws of the State of Georgia." In order to effectuate a lawful seizure under this provision of our law, the officer must have probable cause to believe that the article seized was tangible evidence of the commission of a crime. *Zimmerman v. State,* 131 Ga. App. 793, 794 (207 SE2d 220), citing *Campbell v. State,* 226 Ga. 883, 888 (178 SE2d 257). Under the cir-

cumstances of this case, the police officer did not have probable cause to seize the rug.

"'Probable cause means . . . reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry. [Cits.]' *Wood v. State,* 126 Ga. App. 423, 424 (190 SE2d 828). Rumor, suspicion, speculation or conjecture is not sufficient." *Kelly v. State,* 129 Ga. App. 131 (1) (198 SE2d 910). When he first viewed the rug, the officer only *suspected* that it was one of the turquoise rugs stolen from Floormaster. It was not *immediately apparent* to the officer that the rug was stolen property. Thus, it cannot be said that the officer had probable cause to seize the rug when it was first seen by him. *Zimmerman v. State,* 131 Ga. App. 793, supra; *Cook v. State,* 134 Ga. App. 712 (215 SE2d 728). It is not unusual for a turquoise rug to fail to "fit in" with a room's general decor.

The state argues that the police officer had probable cause to seize the rug when it was identified by the Floormaster employee and that, therefore, its seizure was not unlawful. We cannot agree.

The officer's presence in defendant's dwelling was justified only by the warrant to search for a citizen's band radio. The officer could not use that warrant as a pretext for launching a full scale investigation as to the origins of an item which was not incriminating on its face. Marron v. United States, 275 U. S. 192 (48 SC 74, 72 LE 231) expressly held that general searches are prohibited and in order to avoid such prohibition a search warrant must particularly describe the things to be seized, and this ". . . prevents the seizure of one thing under a warrant describing another." Similarly, as we quoted in *Mobley v. State,* 130 Ga. App. 80, 83 (202 SE2d 465) from Coolidge v. New Hampshire, 403 U. S. 443, 466 (91 SC 2022, 29 LE2d 564): "The 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges."

The trial court erred in failing to grant defendant's motion to suppress evidence.

2. The Motion To Quash the Indictment: The sufficiency of the legal evidence before a grand jury is not subject to inquiry. *Buchanan v. State,* 215 Ga. 791, 793 (2)

(113 SE2d 609). An indictment will be quashed, on the other hand, where it is returned wholly upon illegal evidence. *Meriwether v. State,* 63 Ga. App. 667 (11 SE2d 816). The burden of showing that the indictment was based wholly upon illegal evidence rests on the defendant. *Whitehead v. State,* 126 Ga. App. 570 (191 SE2d 336). The defendant failed to meet this burden. Accordingly, the trial court did not err in denying defendant's motion to quash the indictment.

*Judgment reversed in part and affirmed in part. Bell, C. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED OCTOBER 27, 1976 — REHEARING DENIED DECEMBER 8, 1976 —

*Vincent P. McCauley,* for appellant.

*E. Mullins Whisnant, District Attorney, Lovick Anthony, Assistant District Attorney,* for appellee.