## 54079. REYNOLDS v. THE STATE.

WEBB, Judge.

Eddie Reynolds was charged in one indictment with two counts of theft by receiving stolen property and in another with possessing marijuana. The jury was unable to reach a verdict as to the theft charge but returned a guilty verdict as to the marijuana charge. Reynolds appeals with the sole enumeration of error that "the trial court erred in overruling the motion to suppress evidence because the search warrant used as the basis for a search of appellant's premises did not legally and specifically identify, describe or set forth the property to be searched for and seized." The warrant stated that the officer was looking for a "color television, 35 mm camera, a diamond ring" as tangible evidence of the crime of receiving stolen goods, and it was during the course of the search for those items that the marijuana was found.

1. "There must be a bona fide search for the item sought to be found, but if, in the course of an authorized search, another contraband is found on the party or premises searched, the officer is authorized to seize it, for the search, though not productive of that which was sought, was legal." *Bostwick v. State,* 124 Ga. App. 113, 116 (182 SE2d 925) (1971). If in the instant case the search for the items enumerated was legal, the seizure of the marijuana was also legal. Code Ann. § 27-303 (e); *Dugan v. State,* 130 Ga. App. 527, 531-532 (203 SE2d 722) (1974).

2. Assuming for the purpose of argument that the description of the items in the officer's affidavit was insufficient, it appears from the affidavit that the officer's informant was the admitted burglar who had stolen the items and sold them to Reynolds, and that the officer verified the information about the burglaries. It further appears from the hearing on the motion that the burglar described the items to the officer, that the officer was

sworn and testified under oath before Judge Tidwell who issued the warrant, that the officer "described to Judge Tidwell in more detail these items that were listed to be seized," and that the same officer executed the warrant. Thus the motion to suppress was properly overruled since "probable cause may be established not only by the contents of the affidavit but also by sworn oral testimony given the magistrate." *Simmons v. State*, 233 Ga. 429, 431 (211 SE2d 725) (1975).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 7, 1977 — DECIDED JUNE 13, 1977.

*Silver, Zevin, Sewell & Turner, John Milton Turner, II,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.