## 59119. ALDRIDGE v. THE STATE.

BANKE, Judge.

The defendant was convicted of theft by receiving stolen property and sentenced to three years imprisonment. On appeal, he lists nine alleged errors.

The evidence showed without dispute that the defendant purchased two outboard motors immediately after they had been stolen in a burglary. The burglars were apprehended when they returned to the scene to wipe some fingerprints from a third outboard motor which had proved too heavy to carry away. Two of the burglars admitted to the police that they had sold the stolen motors to the defendant. In support of this statement, they produced a check for $25 purportedly signed by the defendant. Based on this information, the police obtained a warrant to search the defendant's home. The search resulted in the seizure of the two motors, along with various other items discovered during the course of the search which were not listed in the warrant but which the officers suspected to have been stolen. These items included rifles, cameras, radio and stereo components, television sets, and silverware sets, many of which had altered serial numbers. The defendant filed a motion to suppress, alleging that the search violated his constitutional rights. *Held:*

1. Probable cause clearly existed for the issuance of the warrant. The police had detailed, signed statements from two of the three burglars admitting that they had just sold the outboard motors to the defendant. Since this admission was against their penal interest, it was inherently credible. See *Smith v. State,* 136 Ga. App. 17, 19-20 (220 SE2d 11) (1975), cert. den. 425 U. S. 938 (96 SC 1671, 48 LE2d 179); *Reynolds v. State,* 142 Ga. App. 549 (2) (236 SE2d 525) (1977). See also United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723) (1971); United States v. Rosenbarger, 536 F2d 715 (6th Cir. 1976). Furthermore, the information was corroborated by

the check drawn on the defendant's account. The case of *State v. Mabrey,* 140 Ga. App. 577 (231 SE2d 461) (1976), cited by the defendant, is inapposite. There, the warrant was issued on the basis of uncorroborated information supplied by an anonymous informant.

The issue of whether the police exceeded their authority in seizing the additional items from the defendant's home is moot, as none of these items were introduced as evidence against him. We note, however, that since the inside of the home evidently resembled a pawn shop, the officers' conclusion that this property was also stolen does not appear grossly unreasonable.

2. The defendant moved for a continuance at the outset of the trial, based on the state's alleged failure to provide him with a list of witnesses in response to his demand, filed pursuant to Code § 27-1403. The state contends that it did provide such a list in a timely manner.

If the court's ruling was error, and we do not hold that it was, it was clearly harmless. The only witness of whom defense counsel had no prior knowledge was a police officer whose testimony concerned only the burglary. The defendant, of course, was not implicated in the burglary, and there was no dispute that the outboard motors were in fact stolen.

3. In administering to the jury its oath pursuant to Code § 59-709, the clerk inadvertently stated that the defendant was "charged with the offense of terroristic threats," which was another, separate charge pending against him. The defendant's counsel immediately moved for a mistrial. The trial court responded by instructing the jury to disregard the previous oath, and the proper oath was thereupon administered. The court further explained to the jury that the first oath did not contain "the correct title of the charges brought against this defendant."

"The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. [Cits.] Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is

largely a matter of discretion and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. [Cits.]" *Bradham v. State,* 148 Ga. App. 89 (8) (250 SE2d 801) (1978), revd. in part on other grounds, 243 Ga. 638 (256 SE2d 331) (1979). We find that the corrective measures taken by the trial court in this case were sufficient to insure a fair trial and consequently hold that the denial of the motion for mistrial was proper. Accord, *Carr v. State,* 4 Ga. App. 332 (3) (61 SE 293) (1908).

4. The defendant contends that the trial court erred in allowing one of the burglars to testify over objection that he had previously sold the defendant other stolen merchandise under circumstances which may fairly be termed suspicious. This evidence was relevant on the issue of whether the defendant knew or should have known that the outboard motors were stolen. See generally Code Ann. § 26-1806; *Birdsong v. State,* 120 Ga. 850, 853 (48 SE 329) (1904). In response to the defendant's objection, the trial court properly instructed the jury that the testimony was "solely related to the question of knowledge on his part at the time of the transaction for which he is now on trial." This enumeration of error is also without merit.

5. The state's failure to call as its witness a third burglar, who was just as accessible to the defense as to the prosecution, raised no presumption that the witness' testimony would have been favorable to the defense. Therefore, the court did not err in correcting defense counsel when he attempted to argue to the jury that such a presumption existed. Accord, *Harper v. State,* 129 Ga. 770 (6) (59 SE 792) (1907).

6. The sixth, seventh, and ninth enumerations of error are deemed abandoned for failure to provide argument or citation of authority in their support. See Code Ann. § 24-3615 (c) (2) (Rule 15 (c) (2)).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 15, 1980 — REHEARING DENIED MARCH 6, 1980 —

*O. L. Crumbley,* for appellant.

*W. Donald Thompson, District Attorney, Willis Sparks, III, Assistant District Attorney,* for appellee.