## 64603. NEWTON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of prostitution and she was sentenced to serve twelve months in confinement. She asserts one enumeration of error on this appeal: that the trial court committed reversible error when it refused to allow defense counsel to argue about a certain tape recording in the closing argument. *Held:*

The referenced tape recording was made by the police of a conversation between defendant and a vice squad detective who testified fully in regard to his conversation with the defendant relating to the proposed act of sexual intercourse for money. Defendant had objected to the tape prior to trial, but withdrew her objection when the state announced that the tape would not be used at trial for the reason that no witness was available to lay a proper foundation for its admission into evidence.

One of the state's witnesses, a detective involved in defendant's arrest, testified on direct examination that another detective had a telephone conversation with defendant in which she had invited him to her house for the purpose of sex for money. This obvious hearsay was not objected to. The tape recording was not mentioned.

On cross-examination, defense counsel then challenged the witness' personal knowledge of the substance of the conversation. Counsel asked: "You don't actually know what was said in the phone conversation, do you?" The witness responded: "No, sir, I did not hear the phone conversation. I heard a tape." Defense counsel then asked: "You heard a tape?" The witness replied: "Yes, sir." No objections were made, and the defense moved on to something else.

Later, during closing argument, defense counsel stated: "Sergeant Shipman said there was a tape. Where are the tapes?" The state objected, and the court instructed defense counsel not to go into it further. Defendant now asserts the sustaining of this objection to be reversible error. She argues that the existence of the tape was in evidence, and therefore, it was a proper subject for closing argument.

We disagree. The defense knew that the tape recording was inadmissible prior to trial and yet it posed a question on cross-examination calculated to elicit testimony regarding the tape. Having succeeded, the defense then sought to capitalize on it during closing argument. The trial court properly prevented it.

The tape recording was not part of the case, just like any other inadmissible evidence. Moreover, the fact that the state had inadmissible evidence in its possession was irrelevant. It was not made relevant merely because a witness was induced into bringing

out the fact that the tape existed. Therefore, it was not a proper subject for closing argument and we hold that the trial court did not abuse its discretion in preventing defense counsel from further arguing the point to the jury. See generally *Sanders v. State,* 156 Ga. App. 44 (2), 45 (274 SE2d 88); *Aldridge v. State,* 153 Ga. App. 744, 746 (5) (266 SE2d 513), cert. den. 449 U. S. 920 (101 SC 318, 66 LE2d 147); *Hinton v. State,* 138 Ga. App. 702 (4), 703 (227 SE2d 474).

Even if we were to find that the witness' statement regarding the tape was volunteered rather than induced, we would find no reversible error. Defendant profited from the tape issue as it was, and we fail to see how the court's ruling harmed her. The mention of the tape on cross-examination likely caused the jurors to wonder why it had not been presented by the state and, if they did not question it at the time or if it lost significance during the course of the trial, the defense insured that doubt was impressed in the minds of the jurors by the remark in closing argument. The court did not order the remark stricken and made no comment concerning it, but only prevented defense counsel from delving into it further. Because the defense had already gained as much ground as it could have on the tape, we find no reversible error here.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 19, 1982.

*Robert B. Whatley,* for appellant.

*Arthur E. Mallory III, District Attorney, Robert S. Ogletree, Assistant District Attorney,* for appellee.