## 65125. WHITTINGTON v. THE STATE.

BIRDSONG, Judge.

On appeal from his convictions on two counts of theft by receiving stolen property, the defendant contends that the court erred in denying his motion to suppress evidence obtained during the search of a dwelling house rented in his name.

Officer B. J. Clenny testified that he obtained a warrant to search the house based on information provided by a confidential informant to the effect that the defendant had been seen carrying marijuana there within the past three days. Officer Clenny stated that as he was searching the attic during the execution of the warrant, he found a pillowcase sewn together on both ends which aroused his suspicions because of its weight. He stated that he handed it down to another officer, who opened it "to see what made it weigh that much." The contents turned out to be 79 pieces of silverware of differing patterns, each wrapped in a paper towel. Although Officer Clenny testified that he did not immediately recognize the property as stolen, the other officer testified that he recognized some of it as being of the same patterns as silverware which had been reported stolen somewhere at some time. However, he was unable to describe the characteristics of any of the patterns which he claimed to have recognized. Officer Clenny testified that the property was seized and

taken to the police department to "verify where did it come from." It was later identified as stolen property by the victims of two separate burglaries. *Held:*

An officer in the process of executing a lawful search warrant is authorized under OCGA § 17-5-21 (b) (formerly Code Ann. § 27-303 (e)) to seize any stolen property, contraband, or other item, other than private papers, which he has probable cause to consider tangible evidence of the commission of a crime, even though the property is not listed in the warrant. See generally *Campbell v. State,* 226 Ga. 883 (3), 888 (178 SE2d 257); *Zimmerman v. State,* 131 Ga. App. 793, 794 (207 SE2d 220).

There apparently is no dispute that the officers were lawfully conducting a search for marijuana in the house. Thus, they had a right to be where they were. When they found a closed container with unknown contents apparently stored or hidden in the attic, the officers had the right to open any receptacle reasonably that could hold the substance or thing being sought and to discover or seize any item, substance, object, thing or matter, the possession of which is unlawful or which is tangible evidence of the commission of a crime in the state of Georgia. OCGA § 17-5-1 (b) (Code Ann. § 27-301); *Dugan v. State,* 130 Ga. App. 527, 532 (203 SE2d 722). To conclude they did not have the right to discover what was concealed in the pillowcase would preclude the officers from examining any potential container of the contraband being sought where the contraband was not fully visible even though the container may be a logical and plausible receptacle for that which is being sought. Thus had the case contained bricks of marijuana (or any other contraband not visible), its location or weight, size or configuration (excluding the implausible, i.e., looking for a rifle in a match box), if inconsistent with loose marijuana, would preclude its examination or seizure even though the container could contain more than one substance. For instance, experience teaches that marijuana may well be stored in metal or plastic tubes as well as in bricks or a loose configuration. This flies in the face of the purpose and permission of the law that such seizures do not violate the constitutional guarantees of either the state or federal constitutions. See *Cash v. State,* 222 Ga. 55, 58 (148 SE2d 420); *Hutto v. State,* 116 Ga. App. 140, 143 (4) (156 SE2d 498).

Once the officers ascertained that the contents of the bag was silverware of various patterns, and one of the officers believed the patterns were consistent with certain silverware reported stolen (the officer's failure to recall or describe the patterns reported stolen going to the weight of his testimony not its admissibility) as well as the fact that it was concealed in a container which reasonably could hold marijuana and was located in a place where one does not expect

to find silverware, this was sufficient to arouse the suspicion that the silverware was stolen. *Dugan v. State,* supra, p. 531. It is not necessary under the law that the officer know with certainty that the item is stolen at the time of the seizure, only that there be probable cause to believe that this is the case. *Campbell v. State,* 226 Ga. 883, 888 (178 SE2d 257). In this case there was probable cause to seize the silverware and no rights were violated by that seizure. *Butler v. State,* 130 Ga. App. 469 (203 SE2d 558). In our opinion, this case should be affirmed.

*Judgment affirmed. Shulman, C. J., Deen, P. J., Quillian, P. J., McMurray, P. J., Carley, Sognier and Pope, JJ., concur. Banke, J., dissents.*

DECIDED MARCH 14, 1983 —

*Robert Culpepper III,* for appellant.

*J. Brown Moseley, District Attorney, W. Paul Fryer, Assistant District Attorney,* for appellee.

BANKE, Judge, dissenting.

In order for the seizure of an item not named in the search warrant to be valid pursuant to OCGA § 17-5-21 (b) (Code Ann. § 27-303), its discovery must have resulted from a bona fide search for the items named in the warrant. *Dugan v. State,* 130 Ga. App. 527, 534 (203 SE2d 722) (1974); *Bostwick v. State,* 124 Ga. App. 113 (3), 116 (182 SE2d 925) (1971). Furthermore, even if the item is lawfully discovered, the officer may not seize it unless he has probable cause to believe that it is either stolen or otherwise subject to seizure under the statute. *Campbell v. State,* 226 Ga. 883 (3), 888 (178 SE2d 257) (1970); *Zimmerman v. State,* 131 Ga. App. 793, 794 (207 SE2d 220) (1974).

"Rumor, suspicion, speculation or conjecture is not sufficient to show probable cause . . . The police may not search and seize and then look for probable cause to justify their action. Probable cause must exist at the time of the search and seizure." *Zimmerman v. State,* supra, at 795. The constitution does not permit an officer "to enter a home under a valid search warrant and then to extend his search and seize every item in the house that he thinks might possibly be connected with a crime, where there is no substantiation by circumstance but just suspicion . . ." *Dugan v. State,* supra, at 533.

The officers in this case testified that they opened the pillowcase full of silverware which they found in the attic not because of any belief that marijuana might be inside it but because of their general curiosity "to see what made it weigh so much." Thus, by their own

admission, they were engaged in a general, exploratory search for incriminating evidence, rather than a bona fide search for the item named in the warrant. In addition, I do not believe that the mere discovery of the silverware was sufficient to provide the officers with probable cause to believe it was stolen property. While Officer Clenny initially testified that he recognized some of the silverware as being of the same type as silverware which had been reported stolen somewhere at some time, on cross-examination he was unable to identify the characteristics of any of this silverware or to give any other details regarding these alleged reports. Thus, his testimony on the issue must be discounted. It is certainly true that the manner in which the silverware was stored was suspicious, but this alone could not support its seizure as stolen property. See *Zimmerman v. State,* supra; *Cook v. State,* 134 Ga. App. 712 (3, 4), 715 (215 SE2d 728) (1975); *Hogan v. State,* 140 Ga. App. 716, 718 (231 SE2d 802) (1976).

I recognize that there are serious doubts as to whether enforcement of the exclusionary rule provides even-handed justice, and I personally prefer the result reached by the majority in this case. However, until the exclusionary rule is altered by the United States Supreme Court, I believe it is our duty to continue to enforce it. Accordingly, I believe the defendant's conviction should be reversed based on the erroneous denial of his motion to suppress.