## 71960. KITE v. THE STATE.
(344 SE2d 498)

DEEN, Presiding Judge.

At approximately 6:30 a.m. on November 13, 1984, the appellant's vehicle was parked in a Cobb County police precinct parking lot. A police officer observed the parked vehicle and considered it to be somewhat unusual. As the appellant, William Kite, started to drive out of the parking lot, the observant police officer prevented the exit. The officer then approached the appellant; detected the odor of alcohol; escorted the staggering appellant into the police station; advised him of his implied consent rights; and ultimately transported the appellant to a local hospital where a blood test was done.

The appellant subsequently filed a motion to suppress the results of that blood test, on the basis that evidence was the fruit of an illegal arrest. After hearing the testimony of the police officer, the trial court suppressed the test results, specifically finding that "[a]t the time the police officer approached defendant's automobile, the evidence did not demonstrate sufficient and articulable facts which coupled with reasonable inferences would justify the stop." Thereafter, the appellant filed a plea in abatement/motion to quash, seeking dismissal of the case on the basis that as a result of the trial court's previous order, there was no admissible evidence against the appellant. The trial court denied that motion, and this interlocutory appeal followed. *Held*:

The sanction for an illegal arrest is the exclusion of the evidence obtained as a result of that arrest, but not suppression of the prosecution. *Lackey v. State*, 246 Ga. 331, 333 (271 SE2d 478) (1980); *Hamby v. State*, 173 Ga. App. 750 (328 SE2d 224) (1985). Finding that the appellant's arrest was illegal in this case, the trial court suppressed the blood test results, but the state is not yet foreclosed from carrying on the prosecution in reliance upon other evidence. (Compare *Hogan v. State*, 140 Ga. App. 716, 719 (231 SE2d 802) (1976), wherein this court noted that an indictment returned upon wholly illegal evidence may be quashed.) It does not appear that much other evidence will be admissible over the defendant's objection, in view of the trial court's previous ruling that not even the initial stop was justified, but the fact remains that the other evidence, i.e., the police officer's observations about the appellant's condition, has not yet been subjected to objection; the appellant's motion to suppress pertained only to the results of the blood test. Accordingly, the trial court did not err in denying the appellant's plea in abatement/motion to quash.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986.

*Herbert A. Rivers*, for appellant.
*Patrick H. Head*, Solicitor, *Philip M. Goldstein, Melodie H. Clayton*, Assistant Solicitors, for appellee.