A89A1112. CAYCE v. THE STATE.
(383 SE2d 648)

BANKE, Presiding Judge.

The appellant was convicted of possession of cocaine with intent to distribute. He contends on appeal that the trial court erred in denying his motion to suppress the contraband on which the conviction was based.

Based on information that 400 pounds of marijuana had been delivered to the appellant's residence in Dade County, Georgia, FBI

Agent Layton obtained from a federal magistrate a warrant to search the appellant's home. The warrant identified the property to be seized as "approximately 400 pounds of marijuana, a Schedule I, non-narcotic controlled substance."

During the execution of the warrant, while Agent Layton was in a bedroom of the residence attempting to locate a trap door in the floor, he observed a clear Mason-type glass jar which was located on a shelf and which appeared to him to contain "rice or some other moisture absorbing material." Testifying that in his experience such material was "typical of packaging for cocaine" and that the jar and its contents seemed "out of place being in the bedroom," the agent removed the jar from the shelf and opened it, whereupon he discovered two plastic bags containing approximately 17 grams of cocaine embedded inside the "rice." Based on this discovery, the appellant was arrested and charged with possession of cocaine with the intent to distribute. After executing a waiver of rights form while in custody, he explained to the investigating officers that he had found the cocaine in his yard after an airplane had flown over the property and that he had been keeping it only for his personal use. *Held*:

1. The appellant contends that seizure of the glass jar impermissibly exceeded the scope of the warrant. "An officer in the process of executing a lawful search warrant is authorized under OCGA § 17-5-21 (b) . . . to seize any stolen property, contraband, or other item, other than private papers, which he has probable cause to consider tangible evidence of the commission of a crime, even though the property is not listed in the warrant. [Cits.]" *Whittington v. State*, 165 Ga. App. 763, 764 (302 SE2d 617) (1983). See also *Zimmerman v. State*, 131 Ga. App. 793, 794 (207 SE2d 220) (1974). The discovery of the item must, however, have resulted from a bona fide search for the items named in the warrant. *Dugan v. State*, 130 Ga. App. 527, 534 (203 SE2d 722) (1974).

It is apparent that the agent who discovered the jar was engaged in a legitimate search for the suspected contraband identified in the warrant at the time he did so. Based on the circumstances attending the officer's presence in the house, his familiarity with the material which was exposed to view inside the jar, and his knowledge, based on his law enforcement experience, that such material was often used to package cocaine, we conclude that probable cause existed for his belief that the jar contained contraband. Accordingly, we hold that its seizure was authorized pursuant to OCGA § 17-5-21 (b), and that the motion to suppress was properly denied.

2. During the suppression hearing, the appellant objected to the admission of an uncertified copy of the search warrant in lieu of the original document. Agent Layton, upon whose application the warrant had been issued, testified without objection that he had recited the

facts contained in his affidavit to the federal magistrate, that the magistrate had thereupon signed the warrant, and that the original document remained on file in federal district court at the time of the hearing. There was no contention that the copy was not an exact duplicate of the original.

"No search warrant shall be quashed or evidence suppressed because of technical irregularity not affecting the substantial rights of the accused." OCGA § 17-5-31. Under the circumstances, the introduction of an uncertified copy of the search warrant in lieu of the original established no basis for excluding the contraband from evidence. See generally *Braden v. State*, 135 Ga. App. 827 (2) (219 SE2d 479) (1975).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 22, 1989.

*Herbert E. Franklin, Jr.*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, John L. O'Dell, Assistant District Attorney*, for appellee.