## A90A0280. SMITH v. THE STATE.
### (392 SE2d 56)

BANKE, Presiding Judge.

The appellant brings this appeal from the denial of his motion for new trial following his conviction of trafficking in cocaine. The appellant lived in a boarding house which was searched pursuant to a warrant in which it was stated that he and another individual were storing and concealing cocaine in "the last room on the right downstairs." While the search was being carried out, Officer Dix saw a woman knock on the door to the appellant's room (which adjoined the room referenced in the warrant) and heard her speak with him about retrieving her baby from his room. Dix testified that he saw the appellant open the door at this time and recognized him as being one of

the persons named in the search warrant. He stated that he approached the appellant, advised him that he was identified in the warrant as having drugs concealed on the premises, advised him of his *Miranda* rights and asked him to surrender any drugs which were in the room. According to the officer, the appellant responded by revealing the location in the room where 85.7 grams of cocaine was concealed. At trial, the appellant denied having cooperated with Dix, testifying that the police kicked in the door to his room and conducted the search without consulting him. On appeal, however, he contends that the search was unlawful because it was based on coerced consent. *Held*:

1. OCGA § 17-5-21 (b) provides that "[w]hen the peace officer is in the process of effecting a lawful search, nothing in this Code section shall be construed to preclude him from discovering or seizing . . . any item, substance, object, thing or matter, the possession of which is unlawful. . . ." However, it has been held that "[t]he discovery of the item must . . . have resulted from a bona fide search for the items named in the warrant." *Cayce v. State*, 192 Ga. App. 97, 98 (383 SE2d 648) (1989).

In the present case, the contraband was not discovered in the room named in the warrant but in an adjoining room; however, inasmuch as the appellant was occupying the room, and inasmuch as he was named in the warrant as one of the persons believed to be concealing cocaine on the premises, we conclude that the search of the room was authorized by the warrant. We accordingly hold that the appellant's consent to the search was not necessary, with the result that his motion to suppress was properly denied.

2. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of trafficking in cocaine. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MARCH 14, 1990.

*Lori Spielberger*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Linda Finley, Assistant District Attorneys*, for appellee.